800 P.2d 103

**The STATE of Idaho, Plaintiff–Respondent,**

v.

**Timothy W. RUESS, Defendant–Appellant.**

No. 17344.

Court of Appeals of Idaho.

March 2, 1990.

Petition for Review Dismissed Nov. 15, 1990.

Charles Sheroke, Coeur d'Alene, for defendant-appellant.

Jim Jones, Atty. Gen. by Michael A. Henderson, Deputy Atty. Gen. (argued), Boise, for plaintiff-respondent.

BURNETT, Judge.

In this appeal we examine issues relating to the issuance and execution of a search warrant, and we consider the scope of a judge's discretion in fashioning conditions of probation. The appeal comes to us from a judgment convicting Timothy Ruess of manufacturing and possessing marijuana. Ruess argues (1) that a search warrant was issued without probable cause; (2) that the issuing magistrate was misled by police officers; (3) that the officers later failed to comply with I.C. § 19–4409, the knock-and-announce statute; and (4) that the sentencing judge impermissibly imposed a condition of probation requiring Ruess to disclose the names of other persons with whom he was dealing in controlled substances. For reasons explained below, we affirm the judgment.

The underlying facts may be summarized briefly. While being arrested on a battery charge, an individual named Jerry Daniels showed police officers some marijuana and told them that his girlfriend had obtained it from Timothy Ruess. The officers applied for a search warrant and took Daniels before a magistrate to establish probable cause. Daniels reiterated what he had told the officers, adding that he had seen and smelled marijuana growing in Ruess' home. The magistrate issued a warrant. The ensuing search resulted in seizure of more than one hundred marijuana plants, together with harvested and dried marijuana material.

Ruess was charged with manufacturing and possessing a controlled substance. He filed a motion to suppress the evidence, arguing that the warrant was unsupported by probable cause and that it was executed in violation of the knock-and-announce statute. The motion was denied. Ruess later moved for an evidentiary hearing, asserting that the police had misled the magistrate at the probable cause hearing. This motion also was denied. Ruess then entered a conditional plea of guilty to both charges. The judge considered withholding judgment and granting probation; but when Ruess said he would not comply with a condition requiring disclosure of other persons involved in marijuana transactions, the judge imposed concurrent sentences of confinement for six months in jail. This appeal followed.

I

We first examine Ruess' contention that the search warrant was issued without probable cause. When the issuance of a warrant is challenged, the function of an appellate court is limited to determining whether the magistrate had a substantial basis for concluding that probable cause existed. *State v. Lang,* 105 Idaho 683, 672 P.2d 561 (1983). Our inquiry encompasses the totality of circumstances disclosed by the record. *Id.*

Here, the magistrate received in-person testimony from a citizen informant, Daniels, who said he had seen and smelled marijuana growing in Ruess' home. Daniels testified that he had made the observation within the previous eight days. This evidence plainly was sufficient to establish a substantial basis for the magistrate to conclude that probable cause existed. Nonetheless, Ruess argues that Daniels' testimony should have been discounted because he was upset by a relationship between his girlfriend and Ruess. We acknowledge that there may be instances where, due to a witness' suspicious motives, a magistrate would be well advised to seek corroboration. *See e.g., State v. Johnson,* 108 Idaho 619, 701 P.2d 239 (Ct. App.1985), *aff'd* 110 Idaho 516, 716 P.2d 1288 (1986). However, we decline to pronounce a bright-line rule mandating corroboration in all such instances. Moreover, such a rule would be superfluous here because, in fact, there was some corroboration consisting of the marijuana shown to the police by Daniels during his arrest. In addition, the magistrate was apprised of Daniels' possible motive and was able to make an informed determination of Daniels' credibility as a witness in open court.

Therefore, we uphold the magistrate's determination of probable cause.

## II

Ruess next argues that the magistrate was misled by the police, who failed to tell him that Daniels was drunk while testifying at the probable cause hearing. According to Ruess, if the magistrate had known of Daniels' intoxicated condition, a search warrant would not have issued. This contention embraces two intertwined issues: a factual question of intoxication, and a procedural question as to whether Ruess should have been granted an evidentiary hearing on his allegation that the magistrate had been misled.

■ It is well settled that evidence seized under warrant must be suppressed if the police knowingly, intentionally or with reckless disregard for the truth present false information to the issuing magistrate. *Franks v. Delaware,* 438 U.S. 154, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978). Moreover, *Franks* has been extended to require suppression when an officer misleads the magistrate by deliberately or recklessly concealing material facts. *See, e.g., United States v. Reivich,* 793 F.2d 957 (8th Cir.1986). However, a defendant is not automatically entitled to an evidentiary hearing on his challenge to the veracity of statements made at a probable cause hearing. Rather, *Franks* requires the defendant to make a substantial preliminary showing that the magistrate was misinformed and that the false or misleading information was necessary to a finding of probable cause. *Franks,* 438 U.S. at 155–56, 98 S.Ct. at 2676–77. This showing must be grounded in "allegations of deliberate falsehood or of reckless disregard for the truth," accompanied by an offer of proof in the form of affidavits or other reliable statements of witnesses. *Id.* at 171, 98 S.Ct. at 2684.

■ When Ruess made his motion for an evidentiary hearing, he presented no testimony by Daniels. Instead, he relied upon a letter written by the girlfriend, stating that Daniels had been drinking prior to his arrest, and upon a letter purportedly written by Daniels himself, describing events surrounding the probable cause hearing. Neither of these letters was sworn as an affidavit. Accordingly, the district judge correctly refused to accord them evidentiary weight under *Franks.*

The state, on the other hand, offered evidence that Daniels had been in police custody, with no opportunity to drink, for more than seven hours before the probable cause hearing took place. The state also submitted three affidavits of officers indicating they did not believe Daniels was drunk at the hearing. In addition, the magistrate had a full opportunity to observe Daniels in person while he testified. Upon this record, we conclude that Ruess failed to make a substantial preliminary showing that the police intentionally or recklessly misled the magistrate. Therefore, he was not erroneously denied a *Franks* hearing.

## III

■ Ruess next argues that all evidence seized under the search warrant should have been suppressed because the police did not comply with the knock-and-announce statute before they entered his home.[1] The state argues that the officers substantially complied and, in any event, that exigent circumstances excused literal compliance with the statute. These arguments frame a mixed issue of fact and law. On such an issue, we defer to the district court's factual findings, if they are supported by substantial evidence, but we freely apply legal principles to the facts found. *Cf. State v. Rusho,* 110 Idaho 556, 716 P.2d 1328 (Ct.App.1986) (mixed issue of law and fact regarding exigent circumstances for warrantless search).

Here, the district court accepted the testimony of the two officers who entered Ruess' home. The first officer testified

---

1. Idaho Code § 19–4409 provides as follows: "[An] officer may break open any outer or inner door or window of a house, or any part of a house, or any thing therein, to execute the warrant, if, after notice of his authority and purpose, he is refused admittance."

that he approached the house in daylight while in uniform. The main door of Ruess' house was open, but the screen door was closed. The officer stated that he could see through the screen, and that he observed someone, later identified as Ruess, dart from the front room as the officer came to the door. The officer knocked and then entered the house while announcing his purpose. The second officer testified that both of them waited momentarily before entering, and that the first officer had just begun to announce his purpose as the entry occurred.

Upon this record we are satisfied that the object of the knock-and-announce statute—to prevent surprise entries by police officers—was satisfied. Although the announcement of purpose may not have entirely preceded the entry, such an irregularity was justified by the exigent circumstance of Ruess' flight from the front room. *See State v. Rauch*, 99 Idaho 586, 586 P.2d 671 (1978). We conclude that the district court properly refused to suppress the evidence seized in the ensuing search.

## IV

■ The final issue is whether the district court abused its discretion by sentencing Ruess to six months in jail. According to Ruess, the district court initially agreed to place him on probation, but later imposed the jail term when Ruess refused to accept a probation condition requiring him to disclose his drug contacts. Ruess argues that this condition was not reasonably related to the goal of rehabilitation, and, therefore, the judge should not have penalized him for failing to accept it. He does not argue, nor does the record indicate, that compliance with the disclosure condition would subject him to further criminal prosecution or infringe upon his Fifth Amendment privilege against self-incrimination.

A district court has broad discretion in fashioning the terms of probation. *State v. Davis*, 107 Idaho 215, 687 P.2d 998 (Ct.App. 1984). It is well settled that probationary terms must bear a reasonable relation to the ultimate purpose of rehabilitation. *Id. See also State v. Mummert*, 98 Idaho 452, 566 P.2d 1110 (1977). It does not follow, however, that terms of probation must relate *solely* to rehabilitation and must have no collateral relation to any other sentencing goal. The fact that disclosure of drug contacts would aid law enforcement, thereby enhancing the protection of society, does not necessarily render a disclosure requirement invalid. The underlying question is whether the requirement is reasonably related to eventual rehabilitation of the offender.

Because the answer to this question turns upon the circumstances of each case, we cannot enunciate a rule of law wholly displacing the sentencing judge's sound discretion. The United States Supreme Court recognized this point when it held, in *Roberts v. United States*, 445 U.S. 552, 100 S.Ct. 1358, 63 L.Ed.2d 622 (1980), that a defendant's refusal to identify his partners in crime could be considered during sentencing.[2] The Court said:

> [P]etitioner concedes that cooperation with the authorities is a "laudable endeavor" that bears a "rational connection to a defendant's willingness to shape up and change his behavior...." Brief for Petitioner 17.... Unless a different explanation is provided, a defendant's refusal to assist in the investigation of ongoing crimes gives rise to an inference that these laudable attitudes are lacking.

445 U.S. at 557, 100 S.Ct. at 1362.

Concededly the facts in *Roberts* differed from those now before us. The defendant in *Roberts* was engaged in a cartel dealing in heroin. The defendant in the present case was a manufacturer of marijuana.

2. After *Roberts*, but before the enactment of the Federal Sentencing Guidelines, a number of federal courts held that failure to cooperate could be considered when *denying leniency*, but could not be used as a basis for sentence *enhancement. See, e.g., United States v. Bradford*, 645 F.2d 115 (2nd Cir.1981). This approach ultimately was adopted by Congress when it promulgated the Guidelines. A defendant's "refusal to assist authorities in the investigation of other persons may not be considered as an *aggravating* sentencing factor." *See* Federal Sentencing Guidelines § 5K1.2 (emphasis added).

Clearly, the former was more ominous than the latter. But this is a difference in degree, not in kind, of criminal activity. In our view, the rationale of *Roberts* is applicable wherever a defendant has engaged in a criminal enterprise, and his abandonment of such activity can be evidenced by identifying other persons who knowingly participated in, or illegally did business with, the enterprise. The present case meets this test. Moreover, as the district judge noted, such unequivocal evidence of abandonment was particularly appropriate here because the presentence investigation disclosed that Ruess, upon being arrested, had told a booking officer he would later resume the manufacture or use of marijuana if given an opportunity.

Ruess has argued that the disclosure requirement was unnecessary because standard terms of probation would have prohibited the continuation of criminal activity in any event. However, the fact that two or more conditions of probation may be mutually reinforcing does not render one of them invalid. We will refrain from interfering with a judge's discretion in fashioning complementary conditions of probation so long as each condition is reasonably related to the defendant's ultimate rehabilitation and no condition is unduly oppressive in relation to the underlying crime. Here, we deem it clear that the disclosure requirement—which could be avoided by serving a six-month jail term—was not unduly oppressive in relation to the crime of manufacturing marijuana. The direct imposition of a six-month jail term would not have offended our standards of sentence review. *See generally State v. Sanchez,* 115 Idaho 776, 769 P.2d 1148 (Ct.App.1989); *State v. Toohill,* 103 Idaho 565, 650 P.2d 707 (Ct.App.1982).

Accordingly, the judgment of conviction, including the provision relating to conditions of probation, is affirmed.

SWANSTROM, J., and HART, J. Pro Tem., concur.