858 P.2d 814

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Gregory A. SORBEL, Defendant–Appellant.**

**No. 19845.**

Court of Appeals of Idaho.

July 30, 1993.

Petition for Review Denied Sept. 24, 1993.

Frederick G. Loats, Coeur d'Alene, argued for appellant.

Larry EchoHawk, Atty. Gen., Douglas A. Werth, Deputy Atty. Gen., Boise, for respondent. Douglas A. Werth argued.

SWANSTROM, Judge.

Gregory Sorbel entered a conditional plea of guilty to possessing cocaine with intent to deliver, but expressly reserved his right to challenge the district court's refusal to suppress evidence. The issues raised on appeal relate to the issuance and execution of a search warrant. Sorbel argues: (1) that the search warrant was issued without probable cause; (2) that the issuing magistrate was misled by the police; and (3) that the officers executing the warrant failed to comply with I.C. § 19–4409, the knock-and-announce statute. For reasons explained below, we affirm.

The underlying facts are as follows. On January 7, 1991, Robert Gomez, an officer with the Kootenai County Drug Task Force, testified before a magistrate in support of an application for a warrant to search unit 3A of an apartment complex, located at 10102 N. Government Way, in Hayden Lake ("apartment 3A"). Gomez testified that a "controlled purchase" had been made earlier that day involving a confidential informant and an individual named Bill Bird. The identity of the informant was not disclosed by the officer. Gomez told the magistrate that police had followed the informant to Bird's residence, that the informant gave marked currency to Bird, and that officers then followed Bird to the apartment complex on Government Way and observed him enter apartment 3A. Gomez also noted that Bird had stopped twice on the way to the apartment—once at a liquor store where he evi-dently purchased several bottles, and later to put fuel in his vehicle—but that Bird made no stops on his return from the apartment to his own residence. Upon his return, Bird delivered to the informant a substance which police testing later showed to be cocaine.

Gomez also testified that this was the second controlled purchase between the informant and Bird, the first having occurred several weeks earlier, on December 12, 1990. He told the magistrate that the details of the December purchase were essentially the same as those involved in the instant case, except that on the previous occasion police had observed Bird drive from his residence to the apartment building and then back without making any other stops.

Gomez also related that the informant contacted Bird two days earlier, at which time Bird told him that he, Bird, was in the process of making cocaine deliveries, and that the vehicle he was driving belonged to his "dealer." The license plate number reported by the informant revealed that Sorbel was the vehicle's registered owner. Gomez also stated that he had since run a criminal history check disclosing Sorbel's prior convictions on three drug charges. In addition to these facts, Gomez also told the magistrate that apartment 3A is where Bird gets his drugs, and that Sorbel lives in apartment 3A.

Based on this oral affidavit, the magistrate concluded there was probable cause to believe that marked currency, controlled substances, drug paraphernalia, scales, books, records and other specified items relating to the crime of delivery of a controlled substance, were located at apartment 3A and issued a warrant to search the premises for those objects. With warrant in hand, the police arrived at apartment 3A, knocked several times, and ultimately entered by kicking in the door. Once inside, the police found Sorbel in the bathroom attempting to flush down the toilet several bindles of cocaine, which one of the officers was able to retrieve. Based upon the evidence seized from apartment

**278**

3A, Sorbel was charged with the felony of possessing cocaine with intent to deliver.

Sorbel moved to suppress the evidence seized, claiming that the warrant was issued without probable cause, that the affidavit supporting the warrant contained false statements and material omissions, and that the officers executing the warrant failed to comply with Idaho's knock-and-announce statute, I.C. § 19–4409. After conducting an evidentiary hearing, the district court denied Sorbel's motions, ruling that the warrant was supported by probable cause, that Officer Gomez did not intentionally omit material facts from his oral affidavit, and that the officers executing the search warrant had complied with the knock-and-announce statute. Sorbel subsequently entered a conditional plea of guilty pursuant to I.C.R. 11(a)(2), expressly reserving the right to challenge these rulings on appeal.

**I**

We turn first to Sorbel's contention that the magistrate lacked probable cause to issue the search warrant. The function of the probable-cause requirement is to guarantee a substantial probability that the invasions involved in the search will be justified by discovery of offending items. *See State v. Sholes*, 120 Idaho 639, 641, 818 P.2d 343, 346 (Ct.App.1991), *citing* 1 W. LAFAVE, SEARCH AND SEIZURE § 3.1(b), at 544–45 (2d ed. 1987). In order to provide an adequate basis for a determination of probable cause to issue a search warrant, the assertions in the affidavit must establish a sufficient nexus between criminal activity, the things to be seized, and the place to be searched. 2 LAFAVE, *supra*, § 3.7(d), at 101. In ascertaining whether probable cause exists, a magistrate is justified in drawing reasonable inferences from the facts stated in support of the issuance of the search warrant. *State v. Crabb*, 107 Idaho 298, 688 P.2d 1203 (Ct.App.1984).

When the issuance of the search warrant is challenged, the function of an appellate court is limited to ensuring that the magistrate had a "substantial basis" for concluding that probable cause existed. *State v. Lang*, 105 Idaho 683, 672 P.2d 561 (1983). Our inquiry encompasses the totality of the circumstances. *Lang*, 105 Idaho at 684, 672 P.2d at 562.

Sorbel first asserts that the facts supplied by the informant must be disregarded because there was no effort made to establish the informant's veracity or his basis of knowledge. Where, as here, the facts asserted in the affidavit are attributed in part to an undisclosed informant, we deem it appropriate to inquire into the informant's veracity and basis of knowledge in evaluating whether there is substantial basis for concluding that probable cause exists. *See State v. Ledbetter*, 118 Idaho 8, 794 P.2d 278 (Ct.App.1990); *State v. Schaffer*, 107 Idaho 812, 693 P.2d 458 (Ct.App.1984).

In this case, the confidential informant was not an anonymous "tipster" supplying unsolicited information to police, but an individual known to the police and acting at the direction of the police in a controlled purchase. The informant's reliability, while not expressly addressed by the affiant, was adequately established by the fact of his close cooperation with and surveillance by the police. Although the informant's report to police that Bird claimed to be driving his dealer's vehicle was hearsay, the magistrate was provided with the informant's basis of knowledge, i.e., that the informant had contact with Bird two days before the second controlled buy, at which time Bird told him that the vehicle he was driving belonged to his "dealer." Moreover, the police corroborated this information, to a degree, by running computer checks showing that the vehicle was registered to a person three times convicted on drug charges. This information, therefore, could properly be credited among the "totality of circumstances" considered by the magistrate.

Sorbel further attacks the adequacy of the oral affidavit to establish the requisite nexus, or link, between the items be seized and apartment 3A. We conclude,

however, that the facts recited to the magistrate established probable cause to search that place for the items specified in the warrant. Both of the deliveries described by Officer Gomez were closely watched by the police. Both involved a confidential informant who purchased cocaine from Bird. In the first instance, the police followed the informant to Bird's residence and then followed Bird to the apartment building in which unit 3A was located. Without making any other stops, Bird returned and delivered to the informant one-eighth of an ounce of cocaine. The observations during the second occasion were essentially the same, except that Bird had stopped twice on the way to the apartment, and that police had actually observed him enter apartment 3A. We conclude that this evidence was sufficient to provide the magistrate with probable cause to believe that the delivery of a controlled substance had occurred at apartment 3A, and that additional controlled substances and the marked currency would be located in apartment 3A. We further conclude that the information that Bird worked for a "dealer" provided a substantial basis for the magistrate to conclude that it would be reasonable to search for other items connected with drug dealing—drug paraphernalia, scales, books and records relating to drug transactions, currency—in apartment 3A. Therefore, we uphold the magistrate's determination of probable cause.

## II

Sorbel next argues that the district court erred in refusing to suppress the evidence on the ground that the warrant was issued upon false information. He asserts that the magistrate was misled by the statements and omissions of Officer Gomez, who testified that the vehicle Bird identified as belonging to his dealer was "regis-

tered to the person that lives in this [3A] address on Government Way in Hayden Lake." The evidence at the suppression hearing revealed that, although the vehicle was in fact registered to Sorbel, the license registration showed an address for him other than that of apartment 3A on Government Way, and that Officer Gomez had failed to disclose this information to the magistrate. Sorbel contends that had Gomez truthfully represented this information, the magistrate would have had no basis for believing that Sorbel lived in apartment 3A, and the warrant would not have been issued.[1] We agree with Sorbel insofar as he asserts that, had the affiant not misrepresented the facts in his possession, the magistrate would have had no factual basis for assuming that Sorbel resided in apartment 3A. As explained below, however, we hold that the omission or inclusion of such information, whether intentional or merely negligent, was not material to the magistrate's finding of probable cause, and therefore insufficient to affect the validity of the warrant.

To have a warrant set aside on the ground that its issuance was based upon a false representation of material fact, the defendant must establish that the false representation (1) was made knowingly and intentionally, or with the reckless disregard for truth; *and* (2) that the facts included or omitted were material to the magistrate's finding of probable cause. *Franks v. Delaware,* 438 U.S. 154, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978); *State v. Lindner,* 100 Idaho 37, 41, 592 P.2d 852, 856 (1979).[2] The *inclusion* of false facts in the affidavit is deemed material if, without such false information, probable cause would not have been found. *Lindner,* 100 Idaho at 41, 592 P.2d at 856. An *omission* of facts is material only if there is a "substantial probability" that, had the omitted

---

1. A review of the record shows that the district court rejected Sorbel's argument on the dual grounds that the misinformation was not material to the determination of probable cause, and that in any case, the officer was merely negligent in presenting it to the magistrate.

2. If an affiant is found to have acted innocently or merely negligently in presenting false information, his testimony is beyond impeachment and is included in the "totality of circumstances" considered in determining whether the magistrate had a "substantial basis" to find probable cause. *See State v. Schaffer,* 107 Idaho at 820, 693 P.2d at 466.

information been presented, it would have altered the magistrate's determination of probable cause. *State v. Beaty*, 118 Idaho 20, 794 P.2d 290 (Ct.App.1990). Whether a misrepresentation or omission of fact is "material" is a question of law over which we exercise free review. *Id.*, 118 Idaho at 26–27, 794 P.2d at 296–97.

Here, Officer Gomez supplied ample information from which the magistrate reasonably could infer that the person from whom the informant had purchased the cocaine, Bird, worked for a drug dealer, and that Bird had twice obtained cocaine from apartment 3A. As discussed above, these facts provided the magistrate with a substantial basis for concluding that there existed probable cause to search the apartment for the buy money, cocaine, and other evidence associated with the crime of delivery of cocaine. Although the unsupported representation that Sorbel resided in apartment 3A did serve to corroborate the other facts presented, we hold that there is not a substantial probability that the disclosure of the omitted evidence indicating that Sorbel lived elsewhere would have altered the magistrate's determination of probable cause. Accordingly, we uphold the magistrate's conclusion that the misinformation concerning the evidence of Sorbel's residency did not constitute a material misrepresentation of fact.

### III

Finally, Sorbel argues that all the evidence seized under the search warrant should have been suppressed because the police did not comply with the knock-and-announce statute before they entered the apartment. I.C. § 19–4409 provides:

> [An] officer may break open any outer or inner door or window of a house, or any part of a house, or any thing therein, to execute the warrant, if, after notice of his authority and purpose, he is refused admittance.

I.C. § 19–4409. The object of the statute is to prevent surprise entries by police officers, and it is sufficient if police substantially comply with its requirements. *State v. Ruess*, 118 Idaho 707, 800 P.2d 103 (Ct. App.1990). Whether the statute has been complied with presents a mixed issue of fact and law. On such an issue, we defer to the district court's factual findings, if they are supported by substantial evidence, but we freely apply legal principles to the facts found. *Ruess*, 118 Idaho at 709, 800 P.2d at 105.

Here, the district court accepted the testimony of two of the three officers who arrived at the front door of apartment 3A to serve the warrant. Their testimony established that an officer knocked loudly on the front door several times, pausing in between. Ten to fifteen seconds after the second knock, an officer announced that they were the police and that they had a search warrant for the premises. Approximately six seconds later, the officers knocked again. At the same time, one of the officers, following instruction from his supervisor, kicked the door open. Approximately one minute had elapsed between the first knock and the time the officer kicked open the door.

Upon this record, we are satisfied that both the letter and the purpose of the statute were complied with. Although Sorbel complains that the police should have waited longer before kicking the door open, he has provided no support for this position. We therefore uphold the district court's refusal to suppress the evidence seized in the ensuing search.

The judgment of conviction is affirmed.

WALTERS, C.J., and CAREY, J., pro tem., concur.