936 P.2d 1340

**STATE of Idaho, Plaintiff–Respondent,**

v.

**David Allen GREGORY, Defendant–Appellant.**

No. 22557.

Court of Appeals of Idaho.

March 17, 1997.

Rehearing Denied May 6, 1997.

Van G. Bishop, Canyon County Public Defender, Nampa, for defendant–appellant.

Alan G. Lance, Attorney General; Michael J. McDonagh, Deputy Attorney General, Boise, for plaintiff–respondent.

LANSING, Judge.

In this appeal the defendant, David Gregory, contends that the district court should have suppressed evidence on the ground that the police violated Idaho's "knock and announce" statute. We conclude that the statute is inapplicable to a police entry made with the consent of a resident of the premises, and we therefore affirm the denial of Gregory's suppression motion.

Gregory was wanted on an arrest warrant for misdemeanor escape. In an effort to find Gregory, Officers Hofkins and Wiley of the Nampa Police Department went to the home of Gregory's mother, Mary Braubach. At that residence, the officers found Gregory and placed him under arrest. In a search incident to that arrest, they discovered methamphetamine in Gregory's possession. He was charged with possession of a controlled

substance, I.C. § 37–2732(c)(1), as well as the misdemeanor escape, I.C. § 18–2506.

Gregory filed a motion to suppress the methamphetamine as evidence on the ground that the officers had not complied with the "knock and announce" statute, I.C. § 19–611, before entering the dwelling where Gregory was found. The district court denied the suppression motion following an evidentiary hearing. Gregory then pleaded guilty to both charges, reserving his right to appeal the trial court's denial of the suppression motion.

When reviewing a district court's disposition of a motion to suppress evidence, this Court gives deference to the trial court's factual findings, and such findings will not be disturbed if they are supported by substantial evidence. *State v. Peightal,* 122 Idaho 5, 7, 830 P.2d 516, 518 (1992); *State v. Weber,* 116 Idaho 449, 452, 776 P.2d 458, 461 (1989). The trial court's application of law to the facts is, however, subject to our free review. *State v. McCaughey,* 127 Idaho 669, 672, 904 P.2d 939, 942 (1995); *Weber, supra.*

In ruling upon Gregory's motion to suppress, the district court made the following findings of fact regarding the circumstances of the police officers' entry into Braubach's home:

> That on May 3, 1995, Officer Hofkins and Officer Wiley, in conjunction with several other officers, went to the home of Mary Braubach.
>
> They approached a fairly considerable patio area and noticed that both doors were standing open.
>
> Other officers in the Nampa Police Department had been in the Braubach residence on prior occasions in an effort to secure the arrest of the defendant, and both Officer Hofkins and Officer Wiley were personally acquainted with Ms. Braubach.
>
> As they approached both of the doors standing open, Ms. Braubach was visible to Officer Hofkins and Officer Wiley as they were on the exterior.
>
> While on the exterior, Officer Hofkins informed Ms. Braubach that they were there to search for the defendant, substan-

tially indicating why they were present and the purpose of their presence.

> Thereafter, Ms. Braubach either said okay and gave them oral response indicating permission to enter the threshold or made a sweeping gesture with her right hand gesturing towards the rear of the mobile home in question, indicating entrance in either case.
>
> Both of the officers entered after having announced their purpose and their presence.
>
> Officer Hofkins was not in uniform, but had a badge on his right hip.
>
> Officer Wiley had a badge connected to a chain around his neck, as well as one on his hip.
>
> Both were personally acquainted with Ms. Braubach and this was all on the heels of other officers having been to the premises.

Although Gregory on appeal contests the trial court's factual findings and points to conflicting testimony given by Ms. Braubach at the suppression hearing, the trial court's findings are plainly supported by the testimony of both police officers. Therefore, we accept the trial court's findings of fact in evaluating Gregory's contention that the entry was unlawful.

■ Gregory's suppression motion was based upon I.C. § 19–611 which provides:

> To make an arrest, if the offense is a felony, a private person, if any public offense, a peace officer, may break open the door or window of the house in which the person to be arrested is, or in which there is reasonable ground for believing him to be, after having demanded admittance and explained the purpose for which admittance is desired.

Gregory asserts that because the police officers did not knock on the door nor identify themselves as officers before entering the home, the statute was violated. The State responds that § 19–611 is not implicated because it does not apply to consensual entries and that, if the statute is applicable, there was substantial compliance in this instance. Because we agree with the State's assertion that the statute is inapplicable, we affirm the

order of the district court and do not address the substantial compliance question.

 The statute in question prohibits a peace officer from making a forcible entry by breaking through the door or window of a house unless the officer has first demanded admission and explained the reason for the entry. The purpose of this statute is "to prevent surprise entries by police officers." *State v. Sorbel,* 124 Idaho 275, 280, 858 P.2d 814, 819 (Ct.App.1993). *See also United States v. Remigio,* 767 F.2d 730, 732 (10th Cir.1985) (stating that the purpose of the federal knock and announce statute, 18 U.S.C. § 3109, is "to restrict the authority of the government to intrude upon the privacy of its citizens, and to protect law enforcement officers who might be mistaken as unlawful intruders if they were to enter a residence unannounced"). Gregory has not cited any authority that § 19–611 or comparable statutes in other jurisdictions apply to police entry by permission of an occupant. There is, however, extensive authority to the contrary. *See, e.g., United States v. Patrick,* 959 F.2d 991, 998–99 (D.C.Cir.1992) (holding that a consensual entry is not subject to the requirements of U.S.C. § 3109); *United States v. Salgado,* 347 F.2d 216, 217 (2d Cir.1965) (holding that because entry by invitation does not involve breaking of door or window, it does not require notice of authority and purpose); *United States v. Salter,* 815 F.2d 1150 (7th Cir.1987) (holding police action in inducing defendant to open door by means of a ruse did not constitute intrusion within meaning of the statute); *United States v. Contreras–Ceballos,* 999 F.2d 432, 435 (9th Cir.1993) (holding that where police used deception to induce an occupant to open the door, the knock and announce statute was not implicated); *United States v. Byars,* 762 F.Supp. 1235, 1237 (E.D.Va.1991) (holding that when occupant attempts to close door upon discovering knocking person was police officer, fact that the door was voluntarily opened means knock and announce requirements are not implicated); *Saavedra v. Florida,* 576 So.2d 953, 960 (Fla.Dist.Ct.App. 1991) (holding that knock and announce is not implicated where officers were voluntarily admitted to home); *Virginia v. Viar,* 15 Va.App. 490, 425 S.E.2d 86, 89 (1992) (stating that "the 'knock and announce' doctrine does not apply when law enforcement personnel have gained entry into a dwelling by consent, because no force is used under such circumstances"); *Commonwealth v. Goggin,* 412 Mass. 200, 587 N.E.2d 785, 787 (1992) (stating that "a consensual entry by the police, even if obtained by ruse or trickery, will not violate the rule.").

 On its face, I.C. § 19–611 establishes prerequisites for forcible entries. The statute is not implicated where officers gain entry by the consent of an occupant of the dwelling. According to the trial court's findings, Ms. Braubach, who was personally acquainted with the police officers, conversed with them through the already open door and gave them permission to enter. The officers did not "break open the door or window of the house" or otherwise make a forcible entry of the residence. Therefore, I.C. § 19–611 was not violated in this case.

The order of the district court denying Gregory's motion to suppress evidence is affirmed.

WALTERS, C.J., and PERRY, J., concur.