93 P.3d 696

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Daniel Eugene FISHER, Defendant– Appellant.**

**Nos. 27975, 27976.**

Supreme Court of Idaho, Boise, January 2004 Term.

May 12, 2004.

Molly J. Huskey, State Appellate Public Defender, Paul S. Sonenberg, Deputy State Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General, Kenneth K. Jorgensen, Dep. Attorney General, Boise, for respondent.

KIDWELL, Justice.

The Appellant seeks relief from his judgments and convictions for Possession of a Controlled Substance Methamphetamine, and Trafficking By Attempted Manufacture Of Methamphetamine, both felonies. The Appellant appeals the district court's order denying him a *Franks* evidentiary hearing because the district court improperly held an ex parte, in-camera hearing to arrive at its decision. The judgment of the district court is affirmed.

## I.

### FACTUAL AND PROCEDURAL BACKGROUND

In the First Judicial District of the State of Idaho, in and for the County of Bonner, a magistrate judge issued a warrant to search the property of the Appellant, Daniel Eugene Fisher, (Fisher) based upon the sworn testimonies of Detective Drumright (Drumright), a confidential informant, and based upon references to statements of a concerned citizen. The magistrate judge determined "there is probable cause to believe that there is methamphetamine, also ongoing manufacture, attempted manufacture, of methamphetamine."

The search warrant was executed on January 19, 2001, resulting in a charge of felony possession of methamphetamine, misdemeanor possession of marijuana, and misdemeanor possession of drug paraphernalia, (case number 27975 on appeal.) As a condition of release, Fisher consented to be searched at any time. While case 27975 was still pending, the police executed a search of Fisher's property and discovered methamphetamine, as well as several items consistent with the manufacture of methamphetamine, which resulted in an additional charge, (case number 27976 on appeal.)

Fisher moved to compel the state to produce, inter alia, the name(s) of the confidential informant(s) used to secure the search warrant. The state objected, asserting that the identity of the informant(s) was privileged. Although it appears there was no pending motion to suppress, the district court ordered a Franks Sufficiency hearing on its May 10, 2001, pretrial order. Fisher then filed a Motion To Suppress And In Limine and Affidavit In Support Of Motion To Suppress. Fisher's affidavit alleged

Drumright presented to the magistrate "false information ... presented intentionally or with reckless disregard for the truth."

Specifically, Fisher alleged "the color of the residence, and the representation that there was an attached porch on the south side, are false." Drumwright's testimony that he had been to the Fisher residence on previous occasions is false. Also, "[t]he testimony of Drumwright concerning a very large generator on the property of Fisher is false." Moreover, "Drumwright's statement that he and Corporal Wills located a suspected vehicle that Wellan was driving on Fisher's property is false." Wellan was an individual accused of a separate crime that brought the detectives into initial contact with Fisher. Fisher also claims the informant's entire story implicating him is a fabrication. "The testimony of Drumwright, calling upon the informant for verification, regarding the existence of structures on the Fisher property, and their location, is inaccurate, as hereinafter set forth, and reflects a reckless disregard for the truth." Further, "[t]he statement that there is a metal type storage shed, or metal container, cargo type container, large metal container or Conex type box on the property is false." Fisher admits that he has dogs, but disputes that they are vicious. Lastly, Fisher disputes the neighborhood informant because "no one who has lived in the neighborhood and visited the Fisher property" would make statements about sheds and containers.

Fisher also filed another motion to compel the state to disclose the identity of the confidential informant(s) and requested an in-camera hearing by the court on this question. On July 2, 2001, the district court denied Fisher's motion to disclose the identity of the informant, granted Fisher's motion for an in-camera hearing, and concluded Fisher "met the threshold showing and [is] entitled to a *Franks* hearing."

The district court held the in-camera hearing on July 26, 2001. After conducting the in-camera hearing, the district court denied Fisher's request for a *Franks* hearing in its August 8, 2001, Opinion and Order, despite granting the *Franks* hearing in its July 2, 2001, Opinion And Order.

Thereafter the parties entered a plea agreement whereby Fisher pled guilty to the felonies and the State agreed to dismiss the misdemeanors and allow Fisher to appeal the district court's order denying him the right to a *Frank's* hearing. Fisher thereafter filed timely appeals from the judgments of conviction to this Court.

## II.

## STANDARD OF REVIEW

■ "In reviewing the issuance of a search warrant by a magistrate, the appellate court's function is limited to insuring that the magistrate had a 'substantial basis' for concluding that probable cause existed, with great deference paid to the magistrate's determination." *State v. Chapple,* 124 Idaho 525, 527, 861 P.2d 95, 97 (Ct.App.1993); *State v. Lang,* 105 Idaho 683, 684, 672 P.2d 561, 562 (1983); *see In State v. Gomez,* 101 Idaho 802, 623 P.2d 110 (1980). "Our inquiry encompasses the totality of circumstances disclosed by the record." *State v. Ruess,* 118 Idaho 707, 708, 800 P.2d 103, 104 (Ct.App. 1990).

## III.

## ANALYSIS

**The District Court Did Not Err In Ruling That Fisher Was Not Entitled To A *Franks* Hearing.**

■ These cases turn on whether Fisher was entitled to a *Franks* hearing. The state concedes that the district court procedurally erred by holding an ex parte in-camera hearing. However, the state contends any error was harmless because Fisher was not entitled to a *Franks* hearing.

"Where the defendant makes a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit, and if the allegedly false statement is necessary to the finding of probable cause, the Fourth Amendment requires that a hearing be held at the defendant's request."

*Franks v. Delaware,* 438 U.S. 154, 155–56, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978). Idaho has adopted the rule established in *Franks* and has made clear that a warrant is valid even if probable cause is based on false evidence so long as the evidence is not presented intentionally or with reckless disregard for the truth. *State v. Lindner,* 100 Idaho 37, 41, 592 P.2d 852, 856 (1979); *State v. Schaffer,* 107 Idaho 812, 820, 693 P.2d 458, 466 (Ct. App.1984). The defendant bears the burden to prove by a preponderance of the evidence that the warrant affidavit contains intentional or reckless falsehoods. *State v. Peterson,* 133 Idaho 44, 47, 981 P.2d 1154, 1157 (Ct. App.1999). To justify a *Franks* hearing, false testimony must be made deliberately or recklessly by a governmental affiant, not by a nongovernmental informant. *Franks,* 438 U.S. at 171, 98 S.Ct. 2674. "A *Franks* evidentiary hearing is not to be lightly granted but may be allowed only 'where the defendant' makes a 'substantial preliminary showing' of an intentional or reckless falsehood." *State v. Rounsville,* 136 Idaho 869, 872, 42 P.3d 100, 103 (Ct.App.2002); *Franks,* 438 U.S. at 155, 98 S.Ct. 2674. In other words, "a defendant is not automatically entitled to an evidentiary hearing on his challenge to the veracity of statements made at a probable cause hearing." *State v. Ruess,* 118 Idaho 707, 709, 800 P.2d 103, 106 (Ct.App.1990).

Before a *Franks* hearing is granted:

> The challenger's attack must be more than conclusory and must be supported by more than a mere desire to cross examine. There must be allegations of deliberate falsehood or of reckless disregard for the truth, and those allegations must be accompanied by an offer of proof. They should point out specifically the portion of the warrant affidavit that is claimed to be false; and they should be accompanied by a statement of supporting reasons. Affidavits or sworn or otherwise reliable statements of witnesses should be furnished or their absence satisfactorily explained. Allegations of negligence or innocent mistake are insufficient.

*Id.* Thus, Fisher's allegations that Drumwright testified of falsehoods must be: specific; supported with reasons and an offer of proof, not conclusory; and the state action complained of was deliberate, intentional, reckless, and not just negligent to justify a *Franks* hearing. *Id.* Moreover, "if these requirements are met, and if, when material that is the subject of the alleged falsity or reckless disregard is set to one side, there remains sufficient content in the warrant affidavit to support a finding of probable cause, no hearing is required." *Franks,* 438 U.S. at 171–72, 98 S.Ct. 2674. Each allegation raised in Fisher's affidavit in support of his motion to suppress will be analyzed.

First, Fisher contends that Drumwright falsely testified to the color of Fisher's residence and that there was a porch on the south side of the residence. Fisher states, "[i]t is a matter of public record that the residence is not off-white and there is no attached porch on the south side," because the Bonner County Assessor has a color photograph of the residence. Fisher's allegation is specific, but he failed to support his allegation by an offer of proof. Fisher claims that the assessor has a photograph, but he fails to state the exact color of his residence. Therefore, Fisher's allegation is conclusory. Regardless, Fisher fails to show that Drumwright's mistake in the existence of a porch and the color of his house was made recklessly, deliberately, or intentionally. Mistaking the color of a house or the existence of a porch could easily be negligent only, especially if the true color of the house is a light color resembling off white. Negligence alone does not justify a *Franks* hearing. *Ruess* 118 Idaho at 709, 800 P.2d at 106.

Fisher claims that he did not have personal contact with Drumwright or that Drumwright and Corporal Wills located a suspected vehicle that Wellan, a man accused of a previous crime that brought the detectives into initial contact with Fisher, was driving. Fisher said that he had only contact with three officers, none of which were Drumwright. However, Fisher fails to state or show that Drumwright's false assertion was made deliberately, intentionally, or recklessly. Again, mere negligence will not justify a *Franks* hearing. Showing deliberate, intentional, and recklessness is a high hurdle

for Fisher that he has failed to show on this contention.

■ Next, Fisher claims Drumwright's statement that Fisher has a large generator is false. Fisher states "[t]here is a generator on my property, but it is in the 4000 watt capacity, which is not large." Fisher's assertion is specific, but it is also conclusory. There is no authority for rating the size of a generator. Furthermore, reasonable minds may differ as to whether a particular generator is large. Fisher should have provided reasons as to why the generator is not large. Thus, Drumwright's statement may not even be false. Notwithstanding, Fisher fails to show that such allegation was made intentionally, recklessly, or deliberately.

■ Also, Fisher alleges in his affidavit that the entire story testified to by the informant is a fabrication because the informant did not smoke or buy methamphetamine from Fisher. However, Fisher did not provide any offer of proof; rather, he made only a conclusory statement. Moreover, even if the informant lied, Drumwright did not create the lie, but perhaps repeated the lie to the magistrate who issued the warrant. Therefore, Fisher failed to justify a *Franks* hearing on this allegation because the alleged false statement was not created by the governmental affiant.

■ Fisher makes additional arguments regarding the information provided by the confidential informant. Fisher disputes that there was ever a hot plate in use at the residence, that he and his wife own a blender capable of being used to grind pills of any kind, and that the informant saw Fisher with methamphetamine five or six times within about a month and that it was normally in a blue Ziploc baggie. However, Fisher's claims are conclusory, without being supported with an offer of proof. Furthermore, even if Fisher is correct and the informant is incorrect, there is no evidence that the governmental affiant made deliberate, intentional, or reckless false statements. At worse, Drumwright could have been negligent in believing the confidential informant; negligence alone, however, will not justify a

*Franks* hearing. *Ruess,* 118 Idaho at 709, 800 P.2d at 106.

■ Fisher also takes issue with Drumwright's testimony, which was verified by the informant. Specifically, Fisher alleges "[t]he statement that there is a metal type storage shed, or metal container, cargo type container, large metal container or a Conex type box on the property is false. The statement that there is a covered utility type or enclosed utility trailer on the property is false." Fisher's allegations are specific as set forth in his affidavit, but his assertions lack additional forms of support such as pictures, witness testimony, etc. Moreover, such a claim may support negligence on the part of Drumwright, but there is no showing that such statements are deliberate, intentional, or reckless falsities. Therefore, Fisher has not met the burden for a *Franks* hearing based on these allegations.

■ Additionally, Fisher states: "[t]he representation that the dogs of Fisher are rather vicious and a couple of deputies from the area stated Fisher has dogs who are trained to attack is untrue." Fisher admits that he has dogs, but denies they are trained to attack. Fisher's allegation is specific, but there is no indication that such a false statement was made deliberately, intentionally, or recklessly. Moreover, even if such statements were deliberate, intentional, or reckless, there is no direct connection with the dogs and the probable cause for a methamphetamine violation. In other words, the statement was not necessary to the finding of probable cause; as such, a *Franks* hearing is not justified even if the statements were false. *Franks* 438 U.S. at 155–56, 98 S.Ct. 2674.

■ Lastly, Fisher claims that the testimony of the neighborhood confidential informant is false because "[t]here is no one who has lived in the neighborhood and visited the Fisher property who would say that there has been a large metal shed or metal container, or cargo type container or Conex type box on the Fisher property." Again, Fisher's statement is specific, but does not show that Drumwright was deliberate, intentional, or reckless, even when assuming the state-

ment was false. Furthermore, there were multiple sources of information provided in the search warrant. As such, the neighborhood confidential informant may not be necessary to a finding of probable cause. *See Franks,* 438 U.S. at 155–56, 98 S.Ct. 2674.

In conclusion, we hold that Fisher was not entitled to a *Franks* hearing because he did not make the requisite substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit, and the false statement was necessary to a finding of probable cause. However, the district court committed harmless procedural error by granting Fisher's request for a *Franks* hearing and then denying the request after an ex parte in-camera hearing.

According to Idaho Criminal Rule 52: "[a]ny error, defect, irregularity or variance which does not affect substantial rights shall be disregarded." I.C.R. 52. "Absent a showing of prejudice, the error will be deemed harmless." *State v. Whiteley,* 124 Idaho 261, 858 P.2d 800, (Ct.App.1993). "To hold an error as harmless, an appellate court must declare a belief, beyond a reasonable doubt, that there was no reasonable possibility that such evidence complained of contributed to the conviction." *State v. Sharp,* 101 Idaho 498, 507, 616 P.2d 1034, 1043 (1980). It follows therefore, that the error in the procedure of the July 26, 2001, in-camera, ex parte hearing was harmless. Fisher's substantial rights were not affected because he was not entitled to the hearing which is the source of his complaint. Fisher's constitutional rights could not have been violated by a hearing that he was not entitled to have. Otherwise, this Court would create a right for Fisher and then determine that right was constitutionally violated.

Nevertheless, Fisher argues that the state is precluded from arguing on appeal that the district court erred in finding that Mr. Fisher met his threshold burden to a have a *Franks* hearing pursuant to Idaho Appellate Rule 15(a). In other words, the state cannot claim harmless error because they did not appeal the previous order that originally granted Fisher a *Franks* hearing.

In contrast, the state argues that the district court's July 2, 2001, order was not an appealable order. Thus, the state advocates affirming the district court's August 8, 2001, order on the grounds that Fisher was not entitled to a *Franks* hearing and disregarding the procedural error committed during the July 26, 2001, hearing.

According to Idaho Appellate Rule 35: "In the event the respondent contends that the issues presented on appeal listed in appellant's brief are insufficient, incomplete, or raise additional issues for review, the respondent may list additional issues presented on appeal...." I.A.R. 35(b)(4). Yet, if the respondent seeks affirmative relief of a judgment, order, or decree, then a cross-appeal is required rather than presenting the issue as an additional issue on appeal. *See* I.A.R. 15(a); I.A.R. 11(g). Thus, "[i]f no affirmative relief is sought by way of reversal, vacation, or modification of the judgment, order or decree, an issue may be presented by the respondent as an additional issue on appeal." *Id.*

Certain types of orders and judgments are appealable. Criminal orders or judgments that are appealable include: (1) final judgments of conviction; (2) withholding judgment on a verdict or plea of guilty; (3) dismissing an information or complaint; (4) termination of a criminal action; (5) reducing a charge of criminal conduct; (6) imposing sentence after conviction; (7) granting a motion to suppress evidence; (8) grant or denial of a motion for new trial; (9) any order after judgment affecting substantial rights; (10) decisions by the district court on criminal appeals from a magistrate. I.A.R. 11(c).

As Fisher admits, the state could not have appealed the July 2, 2001, order because it is not an appealable order according to I.A.R. 11(c). But, Fisher contends the state should have appealed such an interlocutory order by way of a cross appeal under I.A.R. 15(a). "After an appeal has been filed, a timely cross-appeal may be filed from any interlocutory ... order. If no affirmative relief is sought by way of reversal, vacation or modification of the judgment, order or decree, an issue may be presented by the respondent as

an additional issue on appeal." I.A.R. 15(a). Therefore, the issue turns on whether the state seeks affirmative relief from the July 2, 2001, order because if no affirmative relief is sought the issue can be presented as an additional issue on appeal rather than raised on cross appeal.

The district court concluded that "Defendants have met the threshold showing and are entitled to a *Franks* hearing." However, after the in-camera July 26, 2001, ex parte hearing, the district court denied Fisher's request for a *Franks* hearing in its Order and Opinion dated August 8, 2001. In his Notice of Appeal, Fisher lists an issue as: "[d]id the District Court err in denying the request for a *Franks* hearing in this matter in its Order and Opinion dated August 8, 2001?"

The state does not seek to have the July 2, 2001, order vacated, reversed, or modified. Rather the state seeks to have Fisher's conviction affirmed and the August 8, 2001, order affirmed based on a different legal theory than that relied upon by the district court. The state argues that Fisher did not make the requisite showing to be entitled to a *Franks* hearing. "If a district court reaches the correct result by an erroneous theory, this Court will affirm the order upon the correct theory." *McKinney v. State*, 133 Idaho 695, 700, 992 P.2d 144, 149 (1999) (citing *State v. Avelar*, 129 Idaho 700, 704, 931 P.2d 1218, 1222 (1997)). Even though the district court may have determined that Fisher was not entitled to a *Franks* hearing after improperly hearing in-camera testimony, the district court's decision was correct because Fisher should not have been granted a hearing in the July 2, 2001, order. Therefore, the state does not seek affirmative relief and properly brought the issue as an additional issue on appeal instead of being required to cross appeal from the previous district court order.

This Court finds Fisher failed to make a preliminary showing that he was entitled to a *Franks* hearing. Therefore, the district court's error in conducting the July 26, 2001, hearing was harmless because Fisher had no right to the hearing. Also, the state was not required to cross appeal the July 2, 2001,

order because the state was not seeking affirmative relief. Based on this Court's holding, Fisher's additional issues need not be addressed.

## IV.

## CONCLUSION

In conclusion, this Court affirms the district court on grounds different than those used by the district court. Fisher failed to make a preliminary showing that he was entitled to a *Franks* hearing; therefore, the district court's error in conducting the July 26, 2001, ex parte, in-camera hearing was harmless because Fisher had no right to the hearing. Also, the state was not required to cross appeal the July 2, 2001, order because the state was not seeking affirmative relief.

Chief Justice TROUT and Justices SCHROEDER, EISMANN, and BURDICK concur.