## IN THE SUPREME COURT OF THE STATE OF IDAHO
### Docket No. 45632

STATE OF IDAHO,

       Plaintiff-Respondent,

v.

JOHN MULLINS,

       Defendant-Appellant.

)
)
)
)
)
)
)
)
)
)
)

Boise, December 2018 Term

Opinion Filed: December 19, 2018

Karel A. Lehrman, Clerk

---

Appeal from the District Court of the Sixth Judicial District, State of Idaho, Bannock County. Hon. Robert C. Naftz, District Judge.

District court denial of motion to suppress, <u>affirmed</u>.

Eric D. Frederickson, State Appellate Public Defender, Boise, for appellant. Kimberly A. Coster, Deputy State Appellate Public Defender argued.

Hon. Lawrence G. Wasden, Idaho Attorney General, Boise for respondent. Jeffery D. Nye, Deputy Attorney General argued.

_____

BURDICK, Chief Justice.

In an appeal arising out of Bannock County, John Mullins challenges the district court's denial of his motion to suppress. Mullins and his wife, Tera, were arrested at the federal courthouse in Pocatello after security officers found a vial of methamphetamine in Tera's backpack. The Pocatello police seized the methamphetamine, 65 plastic baggies, and $403 from the backpack. Prior to taking Mullins and Tera to jail, the couple's personal effects, including the backpack, were placed into the Mullinses' pickup that was in the parking lot pursuant to Tera's instruction. A K-9 officer later ran his drug dog around the pickup, and the dog positively alerted to the presence of drugs in the pickup. The police obtained a search warrant for the pickup based on the dog sniff alert as well as the other evidence seized from the backpack. During the search, the police found methamphetamine in the pickup. Mullins moved to suppress the drug evidence found in the pickup claiming the warrant lacked probable cause because the police placed the backpack, which had previously contained methamphetamine, into the pickup. Thus, Mullins

1

contended, the dog would have alerted to the residual odor in the backpack rendering its sniff alert unreliable. The district court denied the motion, stating Mullins had not shown the police deliberately or recklessly omitted information from the affidavit to mislead the magistrate judge, and, that even without the dog sniff, there was sufficient evidence to issue the warrant. Mullins timely appeals, and we affirm.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

On March 1, 2016, Mullins and his wife Tera arrived at the federal courthouse in Pocatello, Idaho. When Mullins entered the courthouse he was carrying a backpack and as he approached security he handed it to Tera who placed it into a plastic bin that goes through a security scanner. One item in the backpack, later determined to be a stapler, did not clear the security scan. The security officer operating the scanner asked Tera for permission to look in the backpack and Tera granted him permission. While searching the backpack, the security officer found a small, brownish vial containing a white powdery substance inside as well as 65 small, plastic baggies. The backpack also contained $403 in cash. The security officer radioed for a U.S. Marshall and the U.S. Marshall called the Pocatello police.

Sergeant Diekemper and Detective Edwards responded. Sergeant Diekemper spoke with Mullins and Tera and asked them about the vial that was found in the backpack. Tera stated the backpack was hers, though both Tera and Mullins confirmed they possessed the backpack coming into the courthouse. However, both denied ownership of the vial. The substance in the vial tested presumptively positive for methamphetamine. Subsequently, both Mullins and Tera were placed under arrest for possession of methamphetamine. The police kept the methamphetamine, baggies, and money in their possession, but asked Tera what she wanted to do with the backpack and the other personal effects that she could not take to jail. Tera asked that the backpack and the other personal effects be put into the Mullinses' pickup, which was in the courthouse parking lot. The police then accompanied Tera to the pickup and put the backpack in the pickup at Tera's direction, and locked the vehicle.

Based on the baggies and cash that were found with the methamphetamine in the backpack, Sergeant Diekemper and Detective Edwards thought that there may be evidence of drug distribution in the Mullinses' pickup. Sergeant Diekemper contacted Officer Peterson, who had a drug detection dog, and asked him to conduct an exterior sniff of the pickup. Officer Peterson's dog positively alerted during the sniff, indicating there was a possibility of drugs in

2

the pickup. Following the dog sniff, Detective Edwards remained with the pickup while Sergeant Diekemper obtained a search warrant for the pickup. Sergeant Diekemper and Detective Edwards then searched the pickup and found vials of methamphetamine, drug paraphernalia, and $1,000 in cash.

Based on the search of the pickup, Mullins was charged with possession of a controlled substance with intent to deliver. Mullins moved to suppress[1] the evidence found in the pickup, challenging the evidence upon which the warrant was based. Mullins contended that the police had not described the "personal effects" put into the pickup prior to the dog sniff, so the magistrate judge who issued the warrant could not have known the backpack that had previously contained methamphetamine was put back into the pickup before the sniff. Mullins also argued the dog sniff did not provide probable cause because the police placed the backpack into the pickup, knowing it had methamphetamine residue in it, and the dog would alert to it. When asked at the suppression hearing if the drug dog could detect residual odors Officer Peterson stated, "[h]e can. It's not even a question. He can." Based on this, Mullins contended there would not have been probable cause for the warrant if either the "personal effects" had been described to include the backpack, or if the sniff was excluded from the probable cause determination.

The district court denied Mullins's motion to suppress stating there was no evidence the police had intentionally or recklessly omitted information from the warrant in an attempt to mislead the magistrate judge, nor was there any evidence the police placed the backpack in the pickup to make sure the dog would alert on it. The court noted it was Tera who asked that the backpack be placed in the pickup. The court also concluded that even excluding the information Mullins was challenging, there was still sufficient information for the magistrate judge to conclude there was probable cause to issue the warrant. Mullins subsequently entered a conditional plea of guilty to an amended charge of possession of a controlled substance, retaining his right to appeal the denial of his motion to suppress. The district court withheld judgment and sentenced Mullins to four years of probation. Mullins timely appeals the district court's denial of his motion to suppress.

## II.    ISSUE ON APPEAL

Whether the district court erred when it denied Mullins's motion to suppress.

---

[1] There was some question at the hearing if Mullins was actually moving to suppress, or was in actuality moving to dismiss. In deciding the motion, the judge stated there was no "basis for suppressing the evidence" and he had to "deny the motion to suppress and/or dismiss." On appeal, both parties are treating it as a motion to suppress.

## III. STANDARD OF REVIEW

"The standard of review of a suppression motion is bifurcated." *State v. Watts*, 142 Idaho 230, 232, 127 P.3d 133, 135 (2005). "When a decision on a motion to suppress is challenged, the Court accepts the trial court's findings of fact that are supported by substantial evidence, but freely reviews the application of constitutional principles to the facts as found." *State v. McNeely*, 162 Idaho 413, 414–15, 398 P.3d 146, 147–48 (2017) (quoting *State v. Page*, 140 Idaho 841, 843, 103 P.3d 454, 456 (2004)).

> [T]he defendant ha[s] the burden of convincing the trial court that the information challenged in the affidavit was false and that the officers supplied the information either knowingly and intentionally or with reckless disregard for the truth. Unless the trial court committed clear error in reaching its findings as to these issues, we will affirm the motion to suppress.

*State v. Peightal*, 122 Idaho 5, 7, 830 P.2d 516, 518 (1992).

## IV. ANALYSIS

For a search warrant to be valid, it must be based on probable cause. *State v. Nunez*, 138 Idaho 636, 642, 67 P.3d 831, 837 (2003). In *Franks v. Delaware*, the United States Supreme Court held that a defendant can void a search warrant and suppress the fruits of the search when the affidavit used to procure the warrant (1) contains a knowingly and intentional or recklessly false statement, (2) that is material to the probable cause determination. 438 U.S. 154, 155–56 (1978). This Court has applied *Franks* and said,

> [t]he Court in *Franks* held that if the defendant in an evidentiary hearing establishes by a preponderance of the evidence that the false statement was included in the warrant affidavit by the affiant knowingly and intentionally, or with reckless disregard for the truth, and with false information discarded, the remaining content of the affidavit is insufficient to establish probable cause, then "the search warrant must be voided and the fruits of the search excluded to the same extent as if probable cause was lacking on the face of the affidavit."

*State v. Lindner*, 100 Idaho 37, 41, 592 P.2d 852, 856 (1979) (quoting *Franks*, 438 U.S. at 156). However, this Court "has made clear that a warrant is valid even if probable cause is based on false evidence so long as the evidence is not presented intentionally or with reckless disregard for the truth." *State v. Fisher*, 140 Idaho 365, 370, 93 P.3d 696, 701 (2004).

In *State v. Guzman*, this Court extended the rule in *Franks* to also apply to deliberate or reckless omissions of information in affidavits. 122 Idaho 981, 983–84, 842 P.2d 660, 662–63 (1992). We stated, "[w]e can conceive of no cogent reason why *Franks* should not be extended to challenges to affidavits based on deliberate or reckless omissions of facts which might cause a

4

seemingly straightforward affidavit to mislead the magistrate." *Id.* at 983, 842 P.2d at 662 (quoting *State v. Beaty*, 118 Idaho 20, 24, 794 P.2d 290, 294 (Ct. App. 1990)). "The failure to inform a magistrate of a known exculpatory fact may be misleading, if not more misleading, than the furnishing of false information in applying for a search warrant." *Id.* at 983–84, 842 P.2d at 662–63 (quoting *Beaty*, 118 Idaho at 24, 794 P.2d at 294).

The first requirement in *Franks* considers whether the defendant has proved the affidavit underlying the warrant contains a deliberate or recklessly false statement or omission. *Franks*, 438 U.S. at 156; *see also Guzman*, 122 Idaho at 983–84, 842 P.2d at 662–63. Mullins argues there was a deliberate or reckless omission from the affidavit underlying the warrant because the affidavit did not state that the backpack had been placed into the pickup prior to the dog sniff; rather, it only stated "personal effects" were placed into the pickup. Mullins argues "the affidavit fails to inform the magistrate that the drug dog . . . was, without question, able to detect the residual odor" from the backpack. Thus, Mullins contends, the drug dog alert was meaningless and misleading. This argument is unavailing. At the evidentiary hearing on the suppression motion, the district court asked Mullins's counsel, "[d]o you believe that the detectives placed that backpack back in there and purposely did not disclose that to the magistrate when they presented the affidavit of probable cause?" Mullins's counsel responded, "I can't say that . . . I mean, I don't know. It could have been just, you know, just—not negligence but just, you know, them thinking personal effects and not thinking that they needed to specify." Thus, Mullins conceded that the police stating "personal effects" in the affidavit, rather than listing each item including the backpack, did not even amount to negligence.

This Court has stated that a negligent misrepresentation is not sufficient to satisfy the rule articulated in *Franks*. *Fisher*, 140 Idaho at 370, 93 P.3d at 701. "[N]egligent or innocent misrepresentations, even if necessary to establish probable cause, will not invalidate a warrant." *Lindner*, 100 Idaho at 41, 592 P.2d at 856. Here, Mullins conceded that the police were not even negligent, let alone intentional or reckless. Moreover, there is no evidence in the record that Sergeant Diekemper, the officer who applied for the search warrant, knew of the drug dog's ability to detect residual odors from the backpack in the Mullinses' pickup. The district court stated:

> I didn't hear any testimony from either of the detectives with regard to that—that they did this on purpose. It was actually T[e]ra who asked that her property be placed back into the truck. She was given the opportunity to say, don't put it back

5

in the truck. . . . There was no testimony that suggested that the officers or the detectives did this on purpose to make sure that the drug dog would hit on the vehicle so that they could execute the search warrant.

Thus, the district court found that Mullins "failed to prove by a preponderance of evidence that the information included and omitted from the affidavit was done intentionally or recklessly in order to mislead the magistrate in his determination of probable cause to issue the search warrant."

The district court's finding is supported by substantial evidence. *See Weinstein v. Prudential Prop. & Cas. Ins. Co.*, 149 Idaho 299, 315, 233 P.3d 1221, 1237 (2010) ("Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.") (citation omitted). Here, the evidence supports the district court's determination that the police did not intentionally, or in reckless disregard of the truth, omit from the affidavit that the backpack was in the pickup and that the drug dog could detect residual odor. Put simply, Mullins has shown no evidence of a deliberate or reckless inclusion or omission in the affidavit on the part of the police that was intended to mislead the magistrate judge. Moreover, there is no evidence in the record that Sergeant Diekemper knew of the drug dog's ability to detect residual odors—thus he would not be able to intentionally or recklessly omit something he did not know. Accordingly, we affirm the district court's denial of Mullins's motion to suppress.

Mullins has failed to satisfy the first requirement in *Franks*—that the affidavit contained a statement that was deliberately false or in reckless disregard of the truth. *Franks*, 438 U.S. at 156. Thus, this Court need not reach the second requirement in *Franks* that considers whether the false statement was material. *Lindner*, 100 Idaho at 41, 592 P.2d at 856; *Franks*, 438 U.S. at 156. Accordingly, we affirm the district court's denial of Mullins's motion to suppress.

## V.    CONCLUSION

We affirm the district court's denial of Mullins's motion to suppress.

Justices HORTON, BRODY, BEVAN and STEGNER, **CONCUR**.