**IN THE SUPREME COURT OF THE STATE OF IDAHO**
**Docket No. 37934**

STATE OF IDAHO,                                    )
                                                   )  **Boise, June 2011 Term**
    **Plaintiff-Respondent,**                      )
                                                   )  **2011 Opinion No. 84**
v.                                                 )
                                                   )  **Filed: July 11, 2011**
RICHARD HANSEN,                                    )
                                                   )  **Stephen W. Kenyon, Clerk**
    **Defendant-Appellant.**                       )
_____           )

Appeal from the District Court of the Third Judicial District of the State of
Idaho, Canyon County.  Hon. Gregory M. Culet, District Judge.

The denial of the motion to suppress is <u>affirmed</u>.

Molly J. Huskey, State Appellate Public Defender, Boise, for appellant.
Justin Curtis argued.

Lawrence Wasden, Idaho Attorney General, Boise, for respondent.
Kenneth K. Jorgensen argued.

_____

W. JONES, Justice

### I. NATURE OF THE CASE

Richard Hansen appeals from the district court's denial of his motion to suppress. He contends that a probationer living in an RV on his property lacked actual or apparent authority to consent to a search of the common areas in his home. Hansen asserts that the drugs discovered during that search should be suppressed, along with further evidence seized pursuant to a search warrant the State later obtained. Since the officers in this case reasonably believed the probationer had apparent authority to consent to the search, we affirm the denial of the motion to suppress.

### II. FACTUAL AND PROCEDURAL BACKGROUND

In 2007, two probation officers and two sheriff's deputies traveled to Appellant Richard Hansen's home near Middleton, Idaho, to arrest Allan Kirsch for a probation violation. Kirsch had listed Hansen's address as his place of residence on a probation intake form. When the

1

officers arrived, they saw Kirsch outside near Hansen's attached carport, attempting to run away. After the officers caught and detained Kirsch, he initially told the officers that he lived in Hansen's house, but later stated that he in fact lived in a recreational vehicle ("RV") roughly fifty to seventy-five yards away from the house at the opposite end of Hansen's property. The RV did not have any power or water hook-ups. Both Kirsch and another man staying in Hansen's home also indicated that Kirsch came into Hansen's house at will to shower and use the telephone.

One of the terms of Kirsch's probation was that he consented to a search of his real property, automobile, and any other property. The officers entered Hansen's home believing that Kirsch had authority to consent to a search of all the common areas. They did not attempt to contact Hansen before entering his home. In the bathroom they found a syringe they believed contained methamphetamine as well as other drug paraphernalia. The sheriff's deputies then relied on the syringe to obtain a search warrant for the rest of Hansen's home. Upon executing the search warrant, deputies discovered additional drugs and paraphernalia in Hansen's locked bedroom. The investigating officers used the evidence seized from Hansen's bedroom to charge him with possession of drug paraphernalia and possession of a controlled substance (marijuana) with intent to deliver.

Hansen moved to suppress the evidence seized from his bedroom, contending that Kirsch lacked the authority to consent to a search of the common areas in Hansen's house and that, even if Kirsch could have consented, the police still lacked probable cause for a search warrant. After a hearing, the district court denied the motion to suppress, finding that Kirsch had joint access to Hansen's home and therefore had actual authority to consent to a search of the common areas as a condition of his probation. The district court also held that the syringe in Hansen's bathroom provided sufficient probable cause to justify a search warrant for his entire house. Hansen then entered a conditional guilty plea to possession of a controlled substance (marijuana) with intent to deliver, reserving the right to appeal.[1]

---

[1] The State actually filed two cases against Hansen. The first case, No. 26932, generates all the issues on appeal. The second case, No. 27212, is a charge of possession of methamphetamine. A deputy discovered the methamphetamine on Hansen's person during a search incident to arrest. Hansen entered a conditional guilty plea on this count simultaneously with his conditional guilty plea in the first case.

The two cases were not consolidated until they reached the Court of Appeals. Hansen only filed a motion to suppress in the first case, and it only seems to apply to the evidence seized from his bedroom. There was no motion to suppress the methamphetamine underlying the possession charge in the second case. The district court issued a

On appeal, Hansen contends that Kirsch lacked both actual and apparent authority to consent to a search of his home or any part of it. Hansen also argues that, even if the officers had authority to search his home, the syringe they found in his bathroom would not create probable cause sufficient to issue a home-search warrant. A divided Idaho Court of Appeals vacated the district court's decision, holding that Kirsch lacked actual or apparent authority to consent to a home search and, accordingly, the search warrant based on the syringe was invalid. This Court granted the State's petition for review of that decision.

### III. ISSUES ON APPEAL

1. Whether the warrantless search of Hansen's home was based on valid consent.

2. Whether probable cause supported the search warrant for Hansen's home.

### IV. STANDARD OF REVIEW

When considering a case on review from the Court of Appeals, this Court seriously considers the Court of Appeals' views but directly reviews the trial court's decision. *State v. Corbus*, 150 Idaho 599, 602, 249 P.3d 398, 401 (2011). "In reviewing an order granting or denying a motion to suppress evidence, the Court defers to the trial court's factual findings unless they are clearly erroneous; however, the Court freely reviews the determination as to whether constitutional requirements have been satisfied in light of the facts found." *State v. Smith*, 144 Idaho 482, 485, 163 P.3d 1194, 1197 (2007).

### V. ANALYSIS

**A. The Officers Reasonably Believed the Probationer Had Authority to Consent to a Search of Hansen's House**

Officers initially searched the common areas of Hansen's house believing that Kirsch, a probationer, had consented to a home search. The officers relied on a methamphetamine syringe and other paraphernalia they uncovered during this search to obtain a search warrant for the rest of Hansen's home. Hansen contends that the district court should have suppressed the evidence the officers found during the initial search, as Kirsch lacked any authority to consent.

A term of Kirsch's probation was: "The probationer does hereby agree and consent to the search of his person, automobile, real property, and any other property." It is well settled in Idaho that probationers can, as a condition of probation, consent to a search of all of their property. *State v. Purdum*, 147 Idaho 206, 208, 207 P.3d 182, 184 (2009) ("[T]his Court has

---

formal order denying the motion to suppress in the first case only. Hansen therefore does not challenge the evidence underlying his conditional guilty plea for possession of methamphetamine from the second case.

determined that a probationer's consent to searches constitutes a waiver of Fourth Amendment rights."); *State v. Gawron*, 112 Idaho 841, 843, 736 P.2d 1295, 1297 (1987). The issue in this case is whether this consent to search, combined with the facts available to the officers, justified the initial search of Hansen's home without a warrant.

The Fourth Amendment of the U.S. Constitution and article I, section 17 of the Idaho Constitution each forbid unreasonable searches and seizures. *Halen v. State*, 136 Idaho 829, 833, 41 P.3d 257, 261 (2002). A warrantless search is presumptively unreasonable. *State v. Weaver*, 127 Idaho 288, 290, 900 P.2d 196, 198 (1995); *see Donovan v. Dewey*, 452 U.S. 594, 598 n.6, 101 S. Ct. 2534, 2538 n.6 (1981) ("Absent consent or exigent circumstances, a private home may not be entered to conduct a search or effect an arrest without a warrant."). Consent voluntarily given by someone with authority is an exception to the warrant requirement. *State v. Hansen*, 138 Idaho 791, 796, 69 P.3d 1052, 1057 (2003). The burden is on the State to show that the consent exception applies. *State v. Johnson*, 110 Idaho 516, 522, 716 P.2d 1288, 1294 (1986). Under both Constitutions, the consenting person must have either actual authority to consent or authority that is reasonably apparent. *State v. McCaughey*, 127 Idaho 669, 674, 904 P.2d 939, 944 (1995).

Actual authority to consent to a home search rests on:

mutual use of the property by persons generally having joint access or control for most purposes, so that it is reasonable to recognize that any of the co-inhabitants has the right to permit the inspection in his own right and that the others have assumed the risk that one of their number might permit the common area to be searched.

*United States v. Matlock*, 415 U.S. 164, 171 n.7, 94 S. Ct. 988, 993 n.7 (1974); *accord State v. Barker*, 136 Idaho 728, 731, 40 P.3d 86, 89 (2002). A warrantless search can still be upheld if the person consenting does not actually have authority as long as the police officer reasonably believes that the person giving consent has the authority to do so. *McCaughey*, 127 Idaho at 674, 904 P.2d at 944.

Although the district court held that Kirsch had actual authority to consent to the home search, we decline to address this issue and affirm on the alternative grounds that the warrant was justified by apparent authority. After Kirsch violated the terms of his probation, the officers in this case went to Hansen's property, which Kirsch had listed as his own address on a probation intake form. When police first arrived, they observed Kirsch near the house and caught him after

4

a foot chase through the property. Kirsch then gave conflicting statements to the officers, stating alternatively that he lived in Hansen's house and that he only lived in an RV on the lot.

Hansen contends that the officers should have contacted him before entering his home because Kirsch and another man present in the house told the officers that Kirsch only used the bathroom and the telephone there. Hansen correctly notes that "[e]ven when the invitation [to search] is accompanied by an explicit assertion that the person lives there, the surrounding circumstances could conceivably be such that a reasonable person would doubt its truth and not act upon it without further inquiry." *Illinois v. Rodriguez*, 497 U.S. 177, 188, 110 S. Ct. 2793, 2801 (1990). Nonetheless, even though the officers were told that Kirsch only used Hansen's bathroom and telephone, the officers knew that Kirsch's RV lacked power or water hook-ups.[2] It was reasonable for them to surmise that, without basic amenities in his RV, Kirsch was not merely a guest, but rather used Hansen's house as an extension of his own home. Considering the totality of all the above facts, it was "objectively reasonable" for the officers in this case to believe Kirsch had authority to consent to a search of the bathroom in the home. *State v. Brauch*, 133 Idaho 215, 220, 984 P.2d 703, 708 (1999). We affirm the district court's decision to deny Hansen's motion to suppress the evidence discovered during the warrantless search of the common areas in his home.

**B. The Search Warrant Was Supported by Probable Cause**

Relying on a syringe and other paraphernalia they discovered during their warrantless search of part of Hansen's home, the police in this case obtained a search warrant for the remainder of his house. Hansen conditionally pled guilty to possession of marijuana with intent to deliver based on the evidence seized during this second search. He contends that the evidence found during the initial warrantless search would not create probable cause to justify a warrant.

Because the officers found drugs in the common areas of Hansen's home, the magistrate correctly concluded that there was probable cause to issue a search warrant for the remainder of his house. When confronted with a request for a search warrant, "the magistrate must make a practical, common sense decision whether, given the totality of the circumstances set forth in the facts properly before the magistrate, there is a fair probability that contraband or evidence of a crime will be found in the place to be searched." *State v. Nunez*, 138 Idaho 636, 641, 67 P.3d

---

[2] A probation officer on the scene mentioned during the suppression hearing that the man inside the house also stated that Kirsch ate there, but the officer later clarified he was not sure if the man actually said that. None of the other officers mentioned that Kirsch ate or engaged in any other activities inside the house.

831, 836 (2003). "We accord great deference to the probable cause determinations of magistrates, resolving doubts in favor of the warrant." *State v. Yager*, 139 Idaho 680, 686, 85 P.3d 656, 662 (2004) (citation omitted). A deputy testified before the issuing magistrate that, given his training and experience, the deputy believed he had found a syringe containing methamphetamine as well as other drug paraphernalia in Hansen's bathroom. We find no error in the magistrate court's decision to issue a search warrant for the rest of the house to uncover further evidence of drug crimes.

## VI. CONCLUSION

The district court correctly rejected Hansen's motion to suppress the evidence seized during the warrantless search as well as the evidence seized pursuant to the search warrant because the officers reasonably believed that Kirsch had authority to consent to the initial search. We affirm the district court's order denying Hansen's motion to dismiss.


Chief Justice EISMANN, Justices BURDICK, J. JONES and HORTON **CONCUR.**