**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 42447**

| | | |
|---|---|---|
| **STATE OF IDAHO,** | ) | **2015 Opinion No. 55** |
| | ) | |
| **Plaintiff-Respondent,** | ) | **Filed:  September 3, 2015** |
| | ) | |
| **v.** | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| **STEPHEN PHILLIP ROZAJEWSKI,** | ) | |
| | ) | |
| **Defendant-Appellant.** | ) | |
| | ) | |

Appeal from the District Court of the Third Judicial District, State of Idaho, Canyon County.  Hon. Molly J. Huskey, District Judge.

Judgment of conviction for possession of a firearm, <u>affirmed</u>.

Sara B. Thomas, State Appellate Public Defender; Brian R. Dickson, Deputy Appellate Public Defender, Boise, for appellant.  Brian R. Dickson argued.

Hon. Lawrence G. Wasden, Attorney General; Ted S. Tollefson, Deputy Attorney General, Boise, for respondent.  Ted S. Tollefson argued.

_____

MELANSON, Chief Judge

Stephen Phillip Rozajewski appeals from his judgment of conviction for unlawful possession of a firearm.  Specifically, he challenges the district court's denial of his motion to suppress.  For the reasons set forth below, we affirm.

A police officer was assisting probation officers with the search of a probationer's residence, where Rozajewski had recently begun renting a bedroom from the probationer.  The probationer, the probationer's girlfriend, Rozajewski, and Rozajewski's friend were present at the residence at the time of the search.  Upon entering the residence, the officers found various items of paraphernalia and small amounts of marijuana in the common area of the residence.  Another police officer was called to investigate the scene.  The officers searched the residence and found paraphernalia in the probationer's bedroom.  Rozajewski refused to consent to the

1

search of his bedroom and, therefore, the officers sought a search warrant. The initial officer remained at the scene, while the investigating officer went to obtain a search warrant. During that time, Rozajewski's friend told the initial officer that she had a backpack in Rozajewski's bedroom which contained a pipe loaded with methamphetamine. The initial officer relayed the friend's statement to the investigating officer.

While providing an oral affidavit to a magistrate, the investigating officer testified that parapheranalia, including a marijuana pipe, snort tube, tin can and methamphetamine pipe, was found in the common area of the residence. The officer also testified that Rozajewski's friend, who the officer said was in a relationship with the probationer and lived at the residence, told officers she saw methamphetamine and a methamphetamine pipe in Rozajewski's bedroom. Finally, the officer testified that, based upon the paraphranalia found in the common area of the residence and the friend's statement, he believed evidence of the crime of possession of methamphetamine would be found in Rozajewski's bedroom. Based upon the officer's testimony, the magistrate issued a warrant to search Rozajewski's bedroom. During the search, the officers found a handgun and methamphetamine under the bed. Rozajewski was charged with several crimes, including possession of methamphetamine and unlawful possession of a firearm.

Rozajewski filed a motion to suppress, challenging the validity of the search warrant, alleging that the investigating officer made false statements to the magistrate and that the false statements were either knowingly and intentionally made or were made with reckless disregard for the truth. The district court found that two of the investigating officer's statements were made with reckless disregard for the truth: (1) that Rozajewski's friend lived at the residence and (2) that Rozajewski's friend saw methamphetamine in Rozajewski's bedroom (as opposed to her admission that she had methamphetamine and a pipe in her backpack, which was in Rozajewski's bedroom). Although the district court found that the statements were made with reckless disregard for the truth, the district court found that the statements were not material because they would not have altered the magistrate's finding of probable cause. Accordingly, the district court denied Rozajewski's motion to suppress. Rozajewski pled guilty to unlawful possession of a firearm, reserving the right to appeal the district court's denial of his motion to suppress. Rozajewski appeals.

The standard of review of a suppression motion is bifurcated. When a decision on a motion to suppress is challenged, we accept the trial court's findings of fact that are supported by substantial evidence, but we freely review the application of constitutional principles to the facts as found. *State v. Atkinson*, 128 Idaho 559, 561, 916 P.2d 1284, 1286 (Ct. App. 1996). At a suppression hearing, the power to assess the credibility of witnesses, resolve factual conflicts, weigh evidence, and draw factual inferences is vested in the trial court. *State v. Valdez-Molina*, 127 Idaho 102, 106, 897 P.2d 993, 997 (1995); *State v. Schevers*, 132 Idaho 786, 789, 979 P.2d 659, 662 (Ct. App. 1999).

Rozajewski argues that the district court erred in denying his motion to suppress. Specifically, Rozajewski argues that there was not probable cause to support the issuance of a warrant to search his bedroom. When probable cause to issue a search warrant is challenged on appeal, the reviewing court's function is to ensure that the magistrate had a substantial basis for concluding that probable cause existed. *Illinois v. Gates*, 462 U.S. 213, 238-39 (1983); *State v. Josephson*, 123 Idaho 790, 792, 852 P.2d 1387, 1389 (1993); *State v. Lang*, 105 Idaho 683, 684, 672 P.2d 561, 562 (1983). In this evaluation, great deference is paid to the magistrate's determination. *Gates*, 462 U.S. at 236; *State v. Wilson*, 130 Idaho 213, 215, 938 P.2d 1251, 1253 (Ct. App. 1997). The test for reviewing the magistrate's action is whether he or she abused his or her discretion in finding that probable cause existed. *State v. Holman*, 109 Idaho 382, 387, 707 P.2d 493, 498 (Ct. App. 1985). When a search is conducted pursuant to a warrant, the burden of proof is on the defendant to show that the search was invalid. *State v. Kelly*, 106 Idaho 268, 275, 678 P.2d 60, 67 (Ct. App. 1984).

The Fourth Amendment to the United States Constitution provides:

> The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no warrants shall issue, but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.

Article I, Section 17, of the Idaho Constitution is virtually identical to the Fourth Amendment, except that "oath or affirmation" is termed "affidavit." In order for a search warrant to be valid, it must be supported by probable cause to believe that evidence or fruits of a crime may be found

in a particular place. *Josephson*, 123 Idaho at 792-93, 852 P.2d at 1389-90. When determining whether probable cause exists:

> The task of the issuing magistrate is simply to make a practical, commonsense decision whether, given all the circumstances set forth in the affidavit before him, including the "veracity" and "basis of knowledge" of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place.

*Gates*, 462 U.S. at 238; *see also Wilson*, 130 Idaho at 215, 938 P.2d at 1253. We accord great deference to the probable cause determination of the magistrate, resolving doubts in favor of the warrant. *Id*.

When a warrant affidavit includes a false representation or omits relevant facts, the resulting warrant will be deemed invalid if the false representation or omission was made knowingly and intentionally or with reckless disregard for the truth *and* if the facts wrongfully included or omitted were material to the magistrate's finding of probable cause for issuance of the warrant. *Franks v. Delaware*, 438 U.S. 154, 155-56 (1978); *State v. Kay,* 129 Idaho 507, 511, 927 P.2d 897, 901 (Ct. App. 1996); *State v. Sorbel*, 124 Idaho 275, 279, 858 P.2d 814, 818 (Ct. App. 1993). A false representation is material if, without it, probable cause would not have been found. *See Sorbel*, 124 Idaho at 279, 858 P.2d at 818. An omission of facts is material if there is a substantial probability that, had the omitted information been included, it would have altered the magistrate's determination of probable cause. *Id.* at 279-80, 858 P.2d at 818-19. Whether a false representation or omission in an application for a search warrant is material is a question of law over which we exercise free review. *Kay*, 129 Idaho at 512, 927 P.2d at 902; *Sorbel*, 124 Idaho at 280, 858 P.2d at 819.

The issue here is whether the false representations made by the investigating officer in his oral affidavit for the search warrant were material--in other words, whether probable cause would have been found without the false representations. The parties have raised three main questions with regard to determining whether the false representations were material. The first is whether the district court was required to strike the false representations and consider whether probable cause would have existed to issue a warrant to search Rozajewski's bedroom without the false representations, only relying on that which remained in the affidavit. The second question is whether the district court was permitted to consider the omitted information--that

4

Rozajewski's friend said that she had methamphetamine in her backpack, which was left in Rozajewski's room. The third question is whether, having substituted Rozajewski's friend's actual statement, there was probable cause to search Rozajewski's bedroom or whether there was only probable cause to search the backpack. Because the first question is dispositive in this case, it is unnecessary to address the other two.

The district court found that the investigating officer made two representations or omissions in reckless disregard for the truth in his oral affidavit supporting his application for a search warrant. Rozajewski argues that, upon concluding that the officer made false representations, the district court was, therefore, required to set aside the false representations and determine whether probable cause still existed without the statements, looking only at what was left in the affidavit and not the true statement that the officer should have made. Rozajewski supports his argument with a case in which this Court held that, "in considering whether there was probable cause to support the issuance of a search warrant, we must exclude from our consideration the false or intentionally misleading statements submitted to [the judge] by [the officer], and review the finding of probable cause upon the remaining evidence." *State v. Chapple*, 124 Idaho 525, 530, 861 P.2d 95, 100 (Ct. App. 1993). According to Rozajewski, *Chapple* requires the trial court to exclude false representations and also precludes the trial court from considering the omitted truth. The other side of the argument is that *Chapple* required the trial court to exclude false representations, but leaves open the question of whether the omitted truth may be considered along with that which remained in the affidavit. We need not resolve this issue because, assuming without deciding Rozajewski's interpretation is right, there still would have been probable cause for the magistrate to issue a warrant to search Rozajewski's bedroom.

Had the false representations been omitted by the district court in this case, the evidence that would have remained before the magistrate would have been that: (1) drug paraphernalia, including a marijuana pipe, snort tube, tin can and methamphetamine pipe, was found in plain view in the front living area, an area common to all residents; (2) Rozajewski was present at the residence at the time of the search; and (3) Rozajewski lived in one of the bedrooms in the residence. Rozajewski alleges that evidence is insufficient to provide probable cause to search his bedroom.

5

The facts of this case are similar to the facts in *State v. Hansen*, 151 Idaho 342, 256 P.3d 750 (2011). In that case, a probationer was living in a recreational vehicle adjacent to a house, but had free access to the house to use the bathroom and telephone. Officers conducted a probation search of the common areas of the house, including the bathroom, and found methamphetamine and paraphernalia in the bathroom. Based upon the items found in the bathroom, officers sought a warrant to search the locked bedroom belonging to Hansen, the homeowner. In *Hansen*, the Court held:

> Because the officers found drugs in the common areas of Hansen's home, the magistrate correctly concluded that there was probable cause to issue a search warrant for the remainder of his house. . . . A deputy testified before the issuing magistrate that, given his training and experience, the deputy believed he had found a syringe containing methamphetamine as well as other drug paraphernalia in Hansen's bathroom. We find no error in the magistrate court's decision to issue a search warrant for the rest of the house to uncover further evidence of drug crimes.

*Id.* at 347, 256 P.3d 755.

In both this case and *Hansen*, a probation search resulted in the discovery of drugs and paraphernalia in the common area of a residence, which led to a warrant to search a bedroom to which the probationer had no access. Rozajewski's attempts to distinguish his case from *Hansen* because Hansen owned the house in which his locked bedroom was searched, where in this case, Rozajewski only rented a bedroom in the house. We see no functional difference. The *Hansen* Court held that, while performing a probation search, drugs and paraphernalia found in the common area of a shared residence provided probable cause to issue a warrant to search the entire house, including the locked bedroom to which the probationer had no access. *Id*. While the Court mentioned that Hansen was the owner of the house, that case does not suggest that his status as the owner of the house was a significant factor in the Court's conclusion. Nor do we see any justification for such a distinction. Were we to hold otherwise, the result would be that a person who rents a room from a probationer, as in this case, is afforded greater protection than a homeowner who rents a room to a probationer, as in the case of *Hansen*. We see no reason, and Rozajewski has not persuaded us otherwise, to justify drawing such an arbitrary line. Accordingly, we are unpersuaded by Rozajewski's attempt to distinguish his case from *Hansen* on the basis of the differing statuses of the parties.

Applying the holding in *Hansen* to this case, we hold that, had the officer's false representations been omitted from his oral affidavit, there still would have been probable cause to support the magistrate's issuance of a warrant to search the entire residence, including Rozajewski's bedroom, based upon the paraphernalia found in the common area of the residence. Thus, the district court did not err in finding that the officer's misstatement was not material and in denying Rozajewski's motion to suppress. Accordingly, Rozajewski's judgment of conviction for unlawful possession of a firearm is affirmed.

Judge GUTIERREZ and Judge GRATTON, **CONCUR**.