# IN THE SUPREME COURT OF THE STATE OF IDAHO

## Docket No. 45282

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | Boise, December 2018 Term |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: June 10, 2019 |
| | ) | |
| v. | ) | Karel A. Lehrman, Clerk |
| | ) | |
| MARK TRAVIS GARNETT, | ) | SUBSTITUTE OPINION. THE |
| | ) | OPINION PREVIOUSLY |
| Defendant-Appellant. | ) | RELEASED FEBRUARY 20, |
| | ) | 2019 IS HEREBY |
| _____ | ) | WITHDRAWN. |

Appeal from the District Court of the First Judicial District of the State of Idaho, Kootenai County. John T. Mitchell, District Judge.

The judgment of conviction is <u>affirmed</u>.

Eric D. Fredericksen, State Appellate Public Defender, Boise, for appellant. Jason C. Pintler argued.

Lawrence G. Wasden, Idaho Attorney General, Boise, for respondent. Mark W. Olson argued.

_____

BRODY, Justice.

This appeal arises from the district court's denial of a motion to suppress evidence found in a backpack during a probation search of a residence. Mark Garnett was an overnight guest in the residence of an absconded felony probationer. Probation officers searched the residence, including an attached storage room, and found Garnett's locked backpack containing a stolen firearm. Garnett, a felon, was arrested and charged with unlawful possession of a firearm. He sought to suppress the evidence found in the backpack, but the district court denied his motion because it determined that while he had standing to challenge the search of the backpack, the officer had *reasonable suspicion* that the absconded probationer owned, possessed, or controlled the backpack. Following a jury trial, Garnett was found guilty. Garnett appealed his conviction, arguing that the district court should have applied a *reasonable belief* standard and that had it

1

done so the motion to suppress would have been granted. We affirm the district court's decision and the judgment of conviction.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

Tamara Brunko, a woman on felony probation, drew the attention of her probation officer when she became non-compliant with the terms and conditions of her release on probation. Because one of the terms of her probation was consenting to searches of her residence, Brunko's probation officer, Jason Haines, decided to conduct a welfare check and perform a search of her residence.

Bringing along other officers, Haines arrived at Brunko's single-wide trailer where she reportedly resided. Andrew Soy, Brunko's boyfriend who also resided at the residence, answered the door of the trailer. When asked, Soy told Haines that Brunko was still living at the residence but that he had not recently seen her. Soy stepped aside and allowed the officers into the residence. Another individual by the name of Mark Garnett was found lying on a sofa in the living room. Garnett was known by one of the probation officers who had supervised him during a recent parole stint; however, Garnett was not on probation or parole at the time of the search. Garnett and Soy both silently waited on the couch while the officers searched the residence for any signs of Brunko.

After failing to find Brunko in the residence, Haines began to search for evidence of Brunko's parole violations that could include drug-related items or a urinalysis-tampering kit. He made his way to a ramshackle storage room built onto the side of the trailer. The make-shift storage room featured an assortment of miscellaneous items in bags and in plastic drawers that appeared to be used by various members of the residence. Haines moved a large empty box off a shelf and found a hidden camouflage backpack with a lock on it. Believing that the backpack belonged to Brunko—probationers sometimes conceal contraband by using locks and safes in an attempt to dissuade officers from searching—Haines bypassed the lock and found a Glock 19 pistol, two magazines, and ammunition. Mail addressed to Garnett was also found inside of the backpack.

It was soon determined that the pistol was stolen and Garnett was arrested. He was charged with unlawful possession of a firearm and grand theft. Before his trial, Garnett filed a motion to suppress the evidence found in his backpack, arguing that the search violated his reasonable expectation of privacy. The district court held a motion hearing and ultimately denied

Garnett's motion to suppress evidence, finding that while Garnett had a legitimate expectation of privacy in his backpack as an overnight guest, Haines had the requisite reasonable suspicion to believe that the backpack was owned, possessed, or controlled by Brunko. The basis for this decision rested upon the officer's reasonable grounds to believe that Brunko had violated the terms of her probation by "walking away from treatment at the [drug rehabilitation] Center, being dishonest with her probation officer of her failure to complete treatment, missing drug tests, submitting an altered [urine] sample, testing positive for heroin, and her child not showing up for school." Additionally, the locked backpack, lacking any indicia of ownership and found concealed in a shared storage room, could have contained evidence of Brunko's violations.

Thereafter, a jury found Garnett guilty of unlawful possession of a firearm and he was sentenced to a fixed term of five years of incarceration. Garnett now appeals, arguing that the district court employed the wrong standard in denying his motion to suppress evidence.

## II.  ISSUE ON APPEAL

**A.** Whether the district court properly denied Defendant's motion to suppress evidence using a reasonable suspicion standard.

## III.  STANDARD OF REVIEW

When this Court reviews a district court's grant or denial of a motion to suppress evidence, the standard of review is bifurcated: the Court accepts the trial court's findings of fact unless clearly erroneous, but freely reviews the application of constitutional law to the facts. *State v. Cohagan*, 162 Idaho 717, 720, 404 P.3d 659, 662 (2017).

## IV.  ANALYSIS

This case centers upon a single question—by what standard? By what standard ought the district court assess whether an officer performing a search of a probationer's belongings had the requisite assurance that an item was owned, possessed, or controlled by the probationer in determining the proper scope of a search? Garnett does not challenge the officers' authority to search the residence, but challenges the permissible scope of the officers' search into what was ultimately determined to be a backpack that belonged to Garnett, an overnight guest. The district court in this case held that, based on the totality of the circumstances, an officer must have had a *reasonable suspicion* that a probationer had control of an item. However, Garnett contends that the Supreme Court of the United States requires use of a *reasonable belief* standard instead, and therefore the district court erred in denying his motion to suppress evidence. Appellant further

argues that the State failed to produce enough evidence for the district court to hold that the officer possessed a reasonable belief that Brunko possessed common authority over the backpack.

Before probing into the case law at issue in this case, this Court must determine whether Garnett has preserved this matter for appeal. The State argues that while Garnett argued that evidence should be suppressed, he did not argue the specific legal theory that a reasonable belief standard should be used rather than a reasonable suspicion standard. The State's position is untenable. This Court has held that fresh substantive issues may not be raised for the first time on appeal, but that specific legal arguments in support of a position may evolve. *Ada Cnty. Highway Dist. v. Brooke View, Inc.*, 162 Idaho 138, 142 n.2, 395 P.3d 357, 361 n.2 (2017). Since this case focuses only on the appropriate legal standard to be used in deciding whether a probationer has ownership, possession, or control of an item, and not on a new substantive issue, the issue is properly before the Court.

Unreasonable searches and seizures are prohibited by the Fourth Amendment of the United States Constitution. U.S. CONST. amend. IV. Warrantless searches are per se unreasonable unless conducted under a recognized exception to the warrant requirement. *State v. Barker*, 136 Idaho 728, 730, 40 P.3d 86, 88 (2002). Consenting to a search is a well-recognized exception to the warrant requirement, and Idaho law has made it clear that a probationer can consent to a search of all their property as a condition of probation. *State v. Hansen*, 151 Idaho 342, 345, 256 P.3d 750, 753 (2011). A probationer's consent to search as a condition of probation constitutes a waiver of Fourth Amendment rights. *Id.* Yet, "[t]he burden is on the State to show that the consent exception applies." *Id.* at 346, 256 P.3d at 754.

The person consenting to a search must have either actual authority to consent to a search, or authority that is reasonably apparent. *Id.* Actual authority to consent to a home search rests upon "mutual use of the property by persons generally having joint access or control for most purposes." *Id.* (quoting *United States v. Matlock*, 415 U.S. 164, 171 n.7 (1974)). "A warrantless search can still be upheld if the person consenting does not actually have authority as long as the police officer reasonably believes that the person giving consent has the authority to do so." *Id.*

This case does not involve a dispute concerning the initial entrance of a home prior to a search, but rather involves a dispute regarding the correct legal standard by which to determine

the permissible bounds of a search of a probationer's belongings that has already begun. The district court correctly relied upon this Court's opinion in *State v. Barker*, 136 Idaho 728, 40 P.3d 86 (2002), in determining that the officer needed to possess "reasonable suspicion" that Brunko owned or controlled or possessed the camouflage backpack in order to search it.

*Barker's* holding concerned the proper legal standard to be used when determining the objective reasonableness of the search of an item during a search of a probationer's belongings; the trial court must determine "whether, under the totality of the circumstances, the officers had a *reasonable suspicion* that the item was owned, possessed, or controlled by the occupant who consented to the search." *Barker*, 136 Idaho at 731–32, 40 P.3d at 89–90. The facts in *Barker* involved a search of a fanny pack found in a shared master bedroom. *Id.* Tate, a parolee and cohabitant of the bedroom, had consented to a search of his residence as a condition of parole. *Id.* at 730, 40 P.3d at 88. The black fanny pack was found on a counter in a shared bedroom, and a police K-9 alerted to the possible presence of drugs. *Id.* Even though Tate's cohabitant, who was not on parole, said that the pack was hers, police nevertheless searched it and found drugs. *Id.* This Court held that the search was valid because the officers had "reasonable suspicion" that, even though the female cohabitant claimed sole ownership, Tate had joint possession or control over the pack:

> We hold that under the totality of the circumstances the officer had reasonable suspicion to believe that Tate had common authority over the fanny pack. Tate was on parole for the charge of possession of a controlled substance. Prior to absconding from supervision, he had submitted a urine sample to his parole officer that tested positive for a controlled substance. His parole officer could certainly reasonably believe that Tate had resumed using controlled substances. The fanny pack was located in the bedroom which was occupied jointly by Tate and [the female cohabitant]. It was sitting on a counter near the adjoining bathroom, where it was readily available. There was nothing about its location or appearance that would indicate that it was owned, possessed, and controlled exclusively by [the female cohabitant]. A drug dog alerted to the fanny pack, and there is no evidence that the officer had any reason to believe that [the female cohabitant] was using controlled substances. Under these facts, the officer could reasonably have suspected that Tate had at least joint possession or control of the fanny pack.

*Id.* at 732, 40 P.3d at 90. Thus, this Court has specifically held that the proper legal standard to use in analyzing the scope of the search of items during a search of a probationer's belongings is reasonable suspicion.

The *reasonable suspicion* standard used in *Barker* was gleaned from the 9th Circuit case *United States v. Davis*, 932 F.2d 752 (9th Cir. 1991). The *Davis* court held that "[t]he permissible bounds of a probation search are governed by a reasonable suspicion standard." *Id.* at 758. In *Davis*, police searched a safe found in a closet during a warrantless search of a probationer's apartment. *Id.* at 755. The safe was found in a closet of a master bedroom, but police were able to open the safe only because of a combination they found scribbled on a note found on a person they had arrested earlier. *Id.* The arrestee argued that the initial probation search of the residence was valid, but it became improper when police opened the safe using the combination found in his pocket—the combination being in his possession meant that the officers could not reasonably suspect the safe was owned, possessed, or controlled by the probationer. *Id.* at 759. The 9th Circuit reasoned that the police could have *reasonably suspected* the safe was jointly owned, possessed, or controlled by the arrestee *and* the probationer, because the arrestee had a significant connection with the probationer's apartment that included having his car parked in the front of the residence. *Id.* at 759. The Ninth Circuit is in agreement with this Court's precedent that the reasonable suspicion standard ought to be used in determining the permissible bounds of a search of a probationer's belongings.

In this appeal, Garnett points to United States Supreme Court authority to argue that *Davis* and *Barker* crafted and used an impermissible standard: namely, officers must have a reasonable *belief* that a probationer owns, possesses, or controls an item before searching it, rather than a mere reasonable *suspicion*. We disagree with Garnett's assertion.

Specifically, Garnett contends that *Illinois v. Rodriguez* has established the reasonable belief standard for determining the permissible bounds of a search of a probationer's belongings. 497 U.S. 177 (1990). In *Rodriguez*, a woman notified police that she had been assaulted by Rodriguez and that she would take the police to "our" apartment where he was sleeping and unlock the door so that they could make an arrest. *Id.* at 179. Rodriguez was thereafter arrested and the police found drugs and paraphernalia in plain view in the apartment. *Id.* at 180. He moved to suppress all evidence, arguing that the woman had no actual authority to consent to police entering his apartment because she had vacated the apartment weeks earlier. *Id.* The Court held that while she possessed no actual authority to consent to entrance of the residence, police could have reasonably believed that she did have such authority, and accordingly, their entrance was reasonable. *Id.* at 186. The Court's holding was summed up in the following rule statement:

6

As with other factual determinations bearing upon search and seizure, determination of consent to enter must "be judged against an objective standard: would the facts available to the officer at the moment . . . 'warrant a man of reasonable caution and belief'" that the consenting party had authority over the premises? If not, then warrantless entry without further inquiry is unlawful unless authority actually exists.

*Id.* at 188–89 (quoting *Terry v. Ohio*, 392 U.S. 1, 21–22 (1968)). Thus, in cases centering upon authority to *consent to the entrance* of a dwelling, police must possess an objectively reasonable belief that the person authorizing entry has actual authority over the premises.

Garnett appears to be blending the case law regarding consensual searches with case law regarding probation searches. The Supreme Court of the United States has expressly held that probation searches may use a reasonable suspicion standard. *U.S. v. Knight*, 534 U.S. 112 (2001). In *Knight*, a probationer's apartment was searched by a sheriff's deputy who suspected the probationer was engaging in illegal activity. *Id.* at 115. The probationer argued that the search was not conducted as part of his terms of probation, but was instead an investigatory search. *Id.* at 116. The U.S. Supreme Court, in assessing the reasonableness of the search, balanced the government's interest against the probationer's expectation of privacy. *Id.* at 118–21. It explained that the government has an interest in supervising probationers because probation is a form of criminal sanction imposed by a court that is designed to curtail an offender's freedoms; accordingly, probationers are more likely than the ordinary citizen to violate the law and to conceal criminal activities because of the risk they face with possible incarceration. *Id.* While probationers enjoy many more freedoms than they would if they were incarcerated, "they do not enjoy the absolute liberty every citizen is entitled." *Id.* at 119 (quoting *Morrissey v. Brewer*, 408 U.S. 471, 480 (1972)). The Court, after balancing these considerations, held that no more than reasonable suspicion is required to conduct a search of a probationer's house when a probationer is subject to a search condition in his or her probation terms. *Id.* at 121. If the entrance of a probationer's home requires only a reasonable suspicion that authority to enter exists, it is not a stretch to infer that the scope of a search of a probationer's belongings is constrained by the same standard.

The State and the district court supported their use of the reasonable suspicion standard using *Barker* and *Davis*. The reasonable belief standard that Garnett asserts has no application in this case because the issue is not whether the officers had authority to enter and search the

7

premises subject to a consensual search, but rather whether the probation officer's search of the backpack was within the lawful scope of a probation search. The Supreme Court of the United States' holding in *Rodriguez* addresses the authority to enter dwellings based on consent, not the scope of a probation search based on the terms of probation. The proper legal standard to be used in determining the permissible scope of a search of a probationer's belongings is reasonable suspicion, not reasonable belief.

Using the reasonable suspicion standard, the district court properly concluded that the probation officer in this case had reasonable suspicion that the camouflage backpack was owned, controlled, or possessed by Brunko. Brunko had violated the terms of her probation by failing a drug program for a heroin addiction, and she had provided an altered urine sample. Evidence of these violations could be secreted in a locked and hidden backpack, such as the one found behind an empty box in the common storage room of Brunko's residence. Additionally, there were no external markings of ownership on the backpack and neither Garnett nor Soy notified the searching officers that the backpack was theirs, even though they knew the officers were searching the residence for evidence of a probation violation. The district court did note that if the backpack had been near where Garnett was lying on the couch, then perhaps the analysis would have been different. But, this unmarked pack was found locked and concealed in a storage room used by multiple individuals. Therefore, based on the totality of the circumstances, the probation officer could have possessed reasonable suspicion that Brunko owned, controlled, or possessed the backpack, making the search reasonable and permissible. The district court did not err in denying Garnett's motion to suppress.

## V.     CONCLUSION

In consideration of the foregoing, the district court's denial of Garnett's motion to suppress was proper. The judgment of conviction is affirmed.

Chief Justice BURDICK, and Justices BEVAN, STEGNER, and HORTON CONCUR.