**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 49107**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed: December 5, 2022** |
| Plaintiff-Respondent, | ) |
| | ) **Melanie Gagnepain, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| JOHN DAVID EASTIS, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Third Judicial District, State of Idaho, Washington County. Hon. Susan E. Wiebe, District Judge.

Judgment of conviction for possession of a controlled substance, vacated and case remanded.

Eric D. Fredericksen, State Appellate Public Defender; Jenny C. Swinford, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Andrew V. Wake, Deputy Attorney General, Boise, for respondent.

---

LORELLO, Chief Judge

John David Eastis appeals from his judgment of conviction for possession of a controlled substance. We hold that, based on a change in the law following the district court's decision, the district court erred in denying the motion to suppress. Accordingly, we vacate the judgment of conviction and remand this case for further proceedings consistent with this opinion.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

An officer initiated a traffic stop of a car driven by Eastis and began writing a citation for driving without privileges. After a second officer arrived and "took over" writing the citation, the first officer used his drug dog to conduct a free-air sniff of the car's exterior. The district court found that the dog "gave a 'half-sit' alert and stood up on the driver's door" and that the dog's

1

nose "briefly entered the vehicle, but only slightly." The first officer searched the car and found a backpack containing methamphetamine and heroin.

The State charged Eastis with aiding and abetting trafficking in heroin, possession of methamphetamine, and driving without privileges. Eastis moved to suppress evidence obtained from the traffic stop and argued the search was unlawful because the first officer "facilitated the drug dog sticking its nose inside the car window."[1] The district court denied the motion, finding that the drug dog's actions "were instinctual and not encouraged or facilitated" by the first officer and, thus, "the dog's actions did not constitute a search." Eastis entered a conditional guilty plea to possession of a controlled substance, I.C. § 37-2732(c)(1), reserving the right to appeal the denial of his motion to suppress. As part of the plea agreement, the State dismissed the remaining charges. Eastis appeals.

## II.

## STANDARD OF REVIEW

The standard of review of a suppression motion is bifurcated. When a decision on a motion to suppress is challenged, we accept the trial court's findings of fact that are supported by substantial evidence, but we freely review the application of constitutional principles to the facts as found. *State v. Atkinson*, 128 Idaho 559, 561, 916 P.2d 1284, 1286 (Ct. App. 1996). At a suppression hearing, the power to assess the credibility of witnesses, resolve factual conflicts, weigh evidence, and draw factual inferences is vested in the trial court. *State v. Valdez-Molina*, 127 Idaho 102, 106, 897 P.2d 993, 997 (1995); *State v. Schevers*, 132 Idaho 786, 789, 979 P.2d 659, 662 (Ct. App. 1999).

## III.

## ANALYSIS

Eastis notes the district court relied on case law which changed after the district court's decision and asserts that, based on the new case law, the entry of the dog's nose into the car constituted a search. Eastis further asserts the officers lacked probable cause for this search. The State responds that Eastis failed to preserve his arguments premised on the new case law and that,

---

[1]     Eastis raised other bases for suppression but, on appeal, does not challenge the district court's resolution of those bases.

if there is error, he invited the error by relying on now-overruled case law in his motion to suppress. The State further responds that, if the dog's actions constituted a search, this Court should remand the case for the district court to determine whether there was probable cause for the search. Because the district court erred in denying the motion to suppress, we vacate Eastis's judgment of conviction and remand for further proceedings.

In its order denying Eastis's motion to suppress, the district court relied on an opinion from this Court holding that a drug dog's entry into a vehicle is not a search for purposes of the Fourth Amendment when the entry was instinctual and not facilitated by the officer. *See State v. Randall*, Docket No. 46893 (Ct. App. Aug. 13, 2020), *rev'd*, 169 Idaho 358, 496 P.3d 844 (2021). After the district court's order and while this appeal was pending, the Idaho Supreme Court decided *Randall* on further review and "reject[ed] the instinctive entry rule." *Randall*, 169 Idaho at 367, 496 P.3d at 853. In its place, the Idaho Supreme Court held that a dog's entry into a vehicle is a search if the entry was "a trespass by the government" and the trespass was "for the purpose of obtaining information." *Id.* at 368, 496 P.3d at 854. On the same day it decided *Randall*, the Idaho Supreme Court issued an opinion that rejected a "de minimis exception" and held that, "when a law enforcement drug dog intrudes, to any degree, into the interior space of a [vehicle] during a drug sniff, without express or implied consent to do so, a search has occurred under the Fourth Amendment." *State v. Howard*, 169 Idaho 379, 382-83, 496 P.3d 865, 868-69 (2021), *cert. denied*, ___ U.S. ___, ___ S. Ct. ___ (Oct. 3, 2022).

Eastis argues that, based on the Idaho Supreme Court's opinions in *Randall* and *Howard*, the district court erred in concluding that the entry of the dog's nose into the car was not a search. The State does not dispute that application of these opinions establishes error in the district court's order but asserts that "Eastis has abandoned the argument he made below and is making an unpreserved argument on appeal." The State notes that, in Eastis's briefing to the district court, he argued that the first officer facilitated the dog's entry into the car. According to the State, Eastis's argument on appeal (that the dog's entry was a search regardless of whether it was facilitated by the first officer) is unpreserved because it was not raised below. Generally, issues not raised below may not be considered for the first time on appeal. *State v. Fodge*, 121 Idaho 192, 195, 824 P.2d 123, 126 (1992). However, the specific legal arguments in support of a position may evolve, including when the argument on appeal focuses only on the appropriate legal standard

to be used.  *State v. Garnett*, 165 Idaho 845, 847, 453 P.3d 838, 840 (2019).  Refined issues on appeal are acceptable if a party's position on an issue before a trial court remains the same on appeal.  *State v. Wilson*, 169 Idaho 342, 346, 495 P.3d 1030, 1034 (2021).  Eastis's argument to the district court relied on this Court's *Randall* opinion that adopted a legal standard later superseded by the Idaho Supreme Court's opinions in *Randall* and *Howard*.  The issue raised by Eastis and his position on the issue (that the dog's conduct constituted a search) has remained the same.  The evolution in his argument on appeal merely reflects the intervening change in the legal landscape.  *Cf. Griffith v. Kentucky*, 479 U.S. 314, 328 (1987) (applying newly declared constitutional rule to criminal case pending on direct review); *State v. Frederick*, 149 Idaho 509, 515, 236 P.3d 1269, 1275 (2010) (applying newly declared constitutional rule to criminal case pending on direct review).  Consequently, Eastis's argument on appeal is preserved.

The State next asserts that Eastis invited the error by premising his arguments to the district court on the legal standard articulated in this Court's *Randall* opinion.  The doctrine of invited error applies to estop a party from asserting an error when that party's conduct induces the commission of the error.  *State v. Atkinson*, 124 Idaho 816, 819, 864 P.2d 654, 657 (Ct. App. 1993).  The purpose of the doctrine is to prevent a party who caused or played an important role in prompting the trial court to take action from later challenging that decision on appeal.  *State v. Barr*, 166 Idaho 783, 786, 463 P.3d 1286, 1289 (2020).  Here, the action taken by the district court was to deny Eastis's motion to suppress.  Although his argument to the district court relied on a legal standard that was later superseded, he did not invite the district court to deny his motion based on application of that legal standard.  Because Eastis did not invite the district court's action, he did not invite the error.  *Cf. State v. Gardner*, 169 Idaho 90, 101, 491 P.3d 1193, 1204 (2021) (holding that invited error doctrine precluded appellant from arguing that curative instruction compounded State's error because appellant requested the instruction).

Turning to the merits of Eastis's argument, we hold that the entry of the dog's nose into the car during the second sweep was a search for purposes of the Fourth Amendment.  *Cf. Howard*, 169 Idaho at 382, 496 P.3d at 868 (holding that a search occurred when a drug dog's "nose entered the car and the entry was momentary" while conducting an otherwise exterior sniff of the car).  The district court erred in holding otherwise.  Because this was a search, the officers needed probable cause to search the vehicle based on the facts known to the officers prior to the entry of

the dog's nose into the car. *See Randall*, 169 Idaho at 369, 496 P.3d at 855 (holding that, once a drug dog's entry is determined to be a search, the "proper inquiry is whether [law enforcement] had probable cause to believe illegal drugs were in [the suspect's] car before" the drug dog entered the vehicle). Pursuant to the automobile exception, a warrantless search of a vehicle is authorized when there is probable cause to believe the vehicle contains contraband or evidence of criminal activity. *United States v. Ross*, 456 U.S. 798, 824 (1982); *State v. Smith*, 152 Idaho 115, 120, 266 P.3d 1220, 1225 (Ct. App. 2011). When a reliable drug dog indicates a lawfully stopped vehicle contains the odor of controlled substances, the officer has probable cause to believe drugs are in the vehicle and may search the vehicle without a warrant. *State v. Tucker*, 132 Idaho 841, 843, 979 P.2d 1199, 1201 (1999); *State v. Gibson*, 141 Idaho 277, 281, 108 P.3d 424, 428 (Ct. App. 2005). The lack of a "trained alert," however, does not necessarily show the "absence of probable cause." *Howard*, 169 Idaho at 384, 496 P.3d at 870. Instead, probable cause may arise based on a drug dog's behavior prior to entering a vehicle. *See id.* at 383, 496 P.3d at 869.

The State asserts that the "district court's order strongly suggests a finding that there was probable cause to search the vehicle prior to the dog's alleged entry" and requests that we remand "to permit the district court to squarely address the highly fact[-]intensive question whether there was probable cause." As the State notes, the district court found that the first officer "testified that a 'half-sit' is a final alert for purposes of drug detection." The district court also found that the drug dog "gave a 'half-sit' alert and stood up on the driver's side door, briefly placing her nose slightly inside the open window." According to the district court, "this constituted a positive alert." Given the context, it is ambiguous whether "this" refers to the half-sit alert alone or in conjunction with the drug dog's other actions. We also note that interpreting the district court's order as finding that the "half-sit" was a final alert by itself is in conflict with the first officer's acknowledgement that the drug dog "had to enter into the vehicle in order to give [the first officer] that final alert." We need not resolve the ambiguity because, even if the district court found that there was no final alert until the drug dog's entry, the absence of a final alert does not necessarily negate probable cause. *See id.* at 384, 496 P.3d at 870.

Regarding the drug dog's behavior prior to entry, Eastis acknowledges the district court found that the drug dog was "in odor." Eastis does not challenge this finding on appeal and, thus, we defer to it. According to the first officer, when the drug dog "is in the odor," the drug dog's

5

ears, tail, and sniffing pattern will change. Based on observing these changes in the drug dog's behavior, the first officer opined that the drug dog had smelled an illegal substance prior to entering the car.

The officer then took steps to ascertain the location of the odor. As Eastis notes, the first officer testified that, prior to the drug dog's entry, the first officer "had no idea whether the odor was coming from within, inside the vehicle or maybe a compartment on the outside of the vehicle or somewhere else around the vehicle." The first officer also acknowledged that, prior to the drug dog's entry, the dog's behavior was "not sufficient for [the first officer] to determine there was a positive alert that would allow [him] to search the vehicle." These beliefs, however, are not determinative because an officer's "subjective belief is not relevant to a probable cause determination." *Id.* at 384, 496 P.3d at 870. The question is whether the facts known to the officer, viewed objectively, gave rise to probable cause. *State v. Williams*, 162 Idaho 56, 66, 394 P.3d 99, 109 (Ct. App. 2016).

Because probable cause is a question of law, an appellate court may determine for the first time on appeal whether there was probable cause to search a vehicle prior to a drug dog's entry. *See, e.g.*, *Randall*, 169 Idaho at 369, 496 P.3d at 855; *Howard*, 169 Idaho at 383, 496 P.3d at 869. However, such a determination on appeal is not appropriate when there has been an intervening change in the law (as is the case here) and when the trial court's application of the prior law "resulted in insufficient factual development." *State v. Miramontes*, ___ Idaho ___, ___-__, 517 P.3d 849, 855-56 (2022). In that scenario, the case should be remanded for the trial court to consider whether additional factual findings relevant to the new legal standard are warranted. *See id.*; *see also Randall*, 169 Idaho at 369, 496 P.3d at 855 (holding that there was no "evidence in the record on which to base a finding of probable cause" in part because the canine officer failed "to explain why [a drug dog's] behavior was an objectively reliable indication that narcotics were present"). Here, based on the record, the district court could find additional facts that bear on whether there was probable cause to search prior to the drug dog's entry. For instance, the first officer testified that there was a breeze at the time, blowing in a certain direction, which came in and out of the car. According to the officer, the path of the wind explained how the drug dog "was able to get into [the] odor." In addition, the first officer's bodycam shows the car's location and the area around the car. The presence or absence of possible alternative sources for the odor could

be relevant to the probable cause determination. Because there could be additional findings relevant to probable cause, we remand this case to the district court to make any such findings in the first instance. We express no opinion on what the additional findings should be, if any, or whether there was probable cause for the search. Those are questions for the district court to decide on remand.

## IV.

## CONCLUSION

Under the Idaho Supreme Court's decision in *Randall*, issued after the district court's decision in this case, the momentary entry of the drug dog's nose into the open window of the vehicle was a search for purposes of the Fourth Amendment. Thus, Eastis's suppression motion should not have been denied on the basis that it was not a search. However, the district court is in the best position to determine whether there was probable cause for the search prior to the dog's entry. Therefore, Eastis's judgment of conviction is vacated and the case is remanded for further proceedings consistent with this opinion.

Judge GRATTON, **CONCURS**.

Judge BRAILSFORD, **CONCURRING IN PART AND DISSENTING IN PART**.

I concur with the majority opinion's conclusion that Eastis preserved for appeal the issues of whether the drug dog's entry into the vehicle constituted a warrantless search and whether probable cause existed for that search. Further, I concur the legal standards articulated in the Idaho Supreme Court's decisions in *State v. Randall*, 169 Idaho 358, 496 P.3d 844 (2021), and *State v. Howard*, 169 Idaho 379, 496 P.3d 865 (2021), *cert. denied*, ___ U.S. ___, ___ S. Ct. ___ (Oct. 3, 2022), which were issued during the pendency of Eastis's appeal, apply to resolve these issues. Finally, I concur the entry of the dog's nose into the vehicle constituted a warrantless search. *See Howard*, 169 Idaho at 382, 496 P.3d at 868 (concluding no de minimis exception exists for degree of dog's intrusion).

I dissent, however, from the majority's conclusion that a remand is necessary to determine whether probable cause existed for the search, and I would conclude the State failed to meet its burden to show probable cause. Whether probable cause exists is a question of law reviewed de novo on appeal with deference given to the trial court's factual findings if supported by substantial evidence. *Id.* at 383, 496 P.3d at 869. During the suppression hearing, the canine-handling officer

7

acknowledged that the drug dog "is trained to get her nose as close to the odor as possible"; the officer "had no idea" before the dog entered the vehicle whether the odor's source was from "inside the vehicle" or "somewhere else around the vehicle"; and before the dog's entry into the vehicle, the dog's behavior was "not sufficient for [the officer] to determine there was a positive alert that would allow [him] to search the vehicle." The officer's candid acknowledgments show a lack of objective facts necessary to conclude probable cause existed to search the vehicle before the dog's entry into the vehicle.

Further, I would conclude substantial evidence does not support the district court's factual findings suggesting that the drug dog's behavior before her entry into the vehicle provided objective evidence of probable cause based on a trained alert to illegal drugs. Specifically, I would conclude that substantial evidence does not support the district court's findings that the dog "gave a 'half-sit' alert" before entering the vehicle and that the canine-handling officer "testified that a 'half sit' is a final alert for purposes of drug detection." Distinct from these findings, the officer did not testify about a "half-sit alert." Rather, he testified generally about the dog's behavior showing a "half final response":

> So, like I said, [the dog] is trained to try to get her nose as close to that source as possible.
> When [the dog] is in a difficult situation where she knows the drugs are either inside the vehicle like that or they are up where she can't get to them, she will kind of give a *half final response*, which is she will *kind of sit* and just *give me that look*.

(Emphasis added).

The canine-handling officer, however, did not testify that the drug dog gave a "half final response" before entering the vehicle in this case. Further, a review of the officer's body camera video, admitted during the suppression hearing, neither shows the dog sitting (either halfway or otherwise) nor looking at the officer before the dog stands on her hind legs, puts her paws on the vehicle, and sticks her nose into the vehicle's window. Accordingly, the video does not show the dog giving a "half final response" indicated by sitting and looking at the officer, as the officer described in his testimony. For these reasons, I would conclude the State failed to meet its burden to establish probable cause. *See id.* at 384, 496 P.3d at 870 (noting absence of "trained alert" is not "*ipso facto* an absence of probable cause").

8