**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 50090**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed: July 24, 2024** |
| Plaintiff-Respondent, | ) |
| | ) **Melanie Gagnepain, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| DOW MARGARET MERCADO, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Michael J. Reardon, District Judge.

Judgment of conviction for possession of a controlled substance, <u>affirmed</u>.

Erik R. Lehtinen, Interim State Appellate Public Defender; Sally J. Cooley, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; John C. McKinney, Deputy Attorney General, Boise, for respondent.

---

LORELLO, Judge

Dow Margaret Mercado appeals from her judgment of conviction for possession of a controlled substance. We affirm.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

After probation and parole and police officers arrested an individual on an agent's warrant, they went to the travel trailer[1] where the individual was living to conduct a search pursuant to the individual's Fourth Amendment waiver. When officers arrived at the travel trailer, they made contact with Mercado when she answered the door. The travel trailer was "cleared" prior to the

---

[1]     The travel trailer was also described as a "very small" camper trailer.

1

search. During the search, officers located a bag[2] in the bedroom, near the head of the bed, which contained methamphetamine, marijuana, and drug paraphernalia.

The State charged Mercado with felony possession of a controlled substance, misdemeanor possession of a controlled substance, and possession of drug paraphernalia. Mercado moved to suppress the evidence obtained during the search and argued that, because the bag that contained the drugs and paraphernalia belonged to her, it was not properly searched pursuant to the other individual's Fourth Amendment waiver. At the suppression hearing, Mercado testified that she attempted to take the bag with her when she left the travel trailer, but an officer directed her to leave it inside. The district court rejected Mercado's version of events and denied her motion. Pursuant to a plea agreement, Mercado pled guilty to felony possession of a controlled substance, I.C. § 37-2732(c), reserving her right to appeal the denial of her motion to suppress. The State dismissed the other two charges as part of the plea agreement. Mercado appeals.

## II.

## STANDARD OF REVIEW

The standard of review of a suppression motion is bifurcated. When a decision on a motion to suppress is challenged, we accept the trial court's findings of fact that are supported by substantial evidence, but we freely review the application of constitutional principles to the facts as found. *State v. Atkinson*, 128 Idaho 559, 561, 916 P.2d 1284, 1286 (Ct. App. 1996). At a suppression hearing, the power to assess the credibility of witnesses, resolve factual conflicts, weigh evidence, and draw factual inferences is vested in the trial court. *State v. Valdez-Molina*,

---

[2] The bag in which the drugs and paraphernalia was found was inside a larger bag. The larger bag was black and described as vinyl and "like a book bag with two shoulder straps or loops like a reusable shopping bag." Nothing about the bag indicated it belonged to a specific gender. Similarly, the bag in which the drugs and paraphernalia was found was not gender specific. That bag was described as a "brown zippered bag." When asked if the brown bag was "similar to like a purse or like a fanny pack," the searching officer answered: "I believe it was leather that you hold in your hand and has a zipper on top." Although Mercado testified that the black bag was her "purse" and the brown bag was a "coin purse" (with drugs and paraphernalia instead of coins), and she refers to the bag as a purse on appeal, the district court referred to it as a bag and found there was "no gender associated with it in and of itself" and that there was not "any outer indicia as to who it belonged to." We defer to the district court's characterization, which is supported by the evidence, and which Mercado does not challenge on appeal despite continuing to refer to the bag as her purse, presumably in an effort to elevate its status for purposes of the Fourth Amendment.

127 Idaho 102, 106, 897 P.2d 993, 997 (1995); *State v. Schevers*, 132 Idaho 786, 789, 979 P.2d 659, 662 (Ct. App. 1999).

## III.

## ANALYSIS

Mercado contends the district court erred in denying her motion to suppress. Specifically, Mercado argues the district court erred in rejecting her testimony that she attempted to take her bag with her as she exited the travel trailer and that, by attempting to take the bag with her as she exited, she asserted control over the bag and restricted the officers' ability to search it. The State responds that the district court properly rejected Mercado's version of events. We hold that Mercado has failed to establish the district court's findings of fact and credibility determinations were unsupported by the evidence; therefore, Mercado has failed to show error in the denial of her motion to suppress.

The officers in this case had authority, pursuant to a Fourth Amendment waiver, to search the residence in which Mercado's bag was found. *See State v. Garnett*, 165 Idaho 845, 848, 453 P.3d 838, 841 (2019) (explaining a probationer may provide consent to search his or her property as a condition of probation and such consent will serve as a waiver for Fourth Amendment rights). Mercado does not dispute this. Rather, Mercado's claim centers on whether the Fourth Amendment waiver extended to her bag. That claim, in turn, depends on whether she attempted to exert control over the bag and was ordered by the officers to leave the bag in the residence for purposes of their search. The district court rejected Mercado's testimony on this point. The district court stated it did not give Mercado's testimony "a lot of weight" in light of her "fairly clear mis-recollection or misrepresentation, whichever it is" of other facts the district court indicated were "credible and supported" by a review of the evidence. In particular, Mercado testified that a specific officer "was inside [the travel trailer] when [Mercado] went and got the bag and made [her] leave it in the kitchen." That same officer also testified at the suppression hearing, prior to Mercado's testimony, and explained that he did not know whether Mercado attempted to take the bag with her when she left the travel trailer because he was not present at the travel trailer when Mercado exited. The officer's on-body video corroborated his testimony and refuted Mercado's testimony.

The district court also rejected Mercado's testimony that she left the bag in the kitchen after she claimed she was told to leave it. The district court instead credited the testimony of the officer who testified at the suppression hearing that the bag was found at the head of the bed, not in the kitchen. The district court observed it was unlikely that Mercado "would have been allowed to return to the bedroom area to move the bag or to assert control over it once she was having contact with law enforcement." The district court found it more likely that Mercado "was immediately brought out of the residence and no longer had access to the bag and could not physically have placed it that far away from the door and, therefore, could not have exercised control over it."

Mercado contends that the district court erred because there was "no evidence" contradicting her testimony that she attempted to take the bag with her as she exited the travel trailer. The only officer who testified at the suppression hearing who was present when Mercado exited did not recall whether Mercado was asked to exit or who asked her to do so but assumed that happened because doing so would be common practice, particularly in a space as small as the travel trailer that was subject to the search. That same officer was asked on cross-examination: "Do you recall if Ms. Mercado was trying to take something with her as she exited the camper trailer?" The officer answered: "I don't remember that." Contrary to Mercado's argument, this testimony is evidence that contradicts her claim that she did attempt to take her bag. Beyond that, it was well within the district court's purview to find that Mercado's testimony was not credible, particularly in light of the officers' testimony, which the district court did credit, as well as the on-body video evidence. This Court does not make credibility determinations or reweigh the evidence. *See Valdez-Molina*, 127 Idaho at 106, 897 P.2d at 997. We decline Mercado's implicit invitation to do so and conclude the evidence supports the district court's findings.

Mercado has failed to show error in the district court's denial of her motion to suppress.

## IV.

## CONCLUSION

Mercado has failed to show the district court erred in rejecting her claim that she attempted to take or exercise control over the bag as she exited the travel trailer. Substantial and competent evidence in the record supports the district court's determination. Accordingly, Mercado has failed

4

to show error in the denial of her motion to suppress. Mercado's judgment of conviction for possession of a controlled substance is affirmed.

Chief Judge GRATTON and Judge HUSKEY, **CONCUR**.